**The STATE of Ohio, Appellee,**

v.

**ROTH, Appellant.**

[Cite as *State v. Roth* (1999), 133 Ohio App.3d 578.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 97–BA–58.

Decided May 14, 1999.

*Frank Pierce,* Belmont County Prosecuting Attorney, and *Helen Yonak,* Assistant Prosecuting Attorney, for appellee.

*Christopher M. Berhalter,* for appellant.

---

GENE DONOFRIO, Judge.

Defendant-appellant, Ann Roth, appeals her sentence in the Belmont County Common Pleas Court for child endangerment.

In June 1997, the Belmont County Department of Children Services began an investigation in response to an allegation of child abuse concerning appellant's six-year-old son. The investigation revealed that appellant had beaten the child on the buttocks with a board. The severity of the beating was evidenced by visible bruises and hematomas.

In August 1997, appellant was arrested and charged with administering excessive corporal punishment in violation of R.C. 2919.22(B)(3). On October 6, 1997, appellant entered a plea of guilty to the charge. The court ordered a presentence investigation report and set a date for sentencing. The court held a sentencing hearing on October 21, 1997, at which time the court sentenced appellant to five years' incarceration. On October 21, 1997, the court filed a judgment entry journalizing the sentencing decision. This appeal followed.

Appellant alleges in her sole assignment of error that:

"The court erred in sentencing the appellant to the maximum prison term because the sentence was imposed for only one offense and it was contrary to law."

## I. GROUNDS TO APPEAL FELONY SENTENCE

Appellant pled guilty to a violation of R.C. 2919.22(B)(3). That section states:

"(B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:

" * * * *

"(3) Administer corporal punishment or other physical disciplinary measure, * * * which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child; "

A violation of this section is a felony of the third degree. R.C. 2919.22(E)(3). A felony of the third degree carries a possible prison term of one, two, three, four, or five years. R.C. 2929.14(A)(3). The trial court sentenced appellant to the maximum prison term authorized for the offense, five years. Because appellant received the maximum prison term allowed for the offense and the sentence was imposed for only one offense, appellant has an appeal of right. R.C. 2953.08(A).

## II. STANDARD OF REVIEW

R.C. 2953.08(G)(1) provides that an appellate court hearing an appeal of a felony sentence may modify the sentence or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:

"(a) That the record does not support the sentence;

" * * *

"(d) That the sentence is otherwise contrary to law."

Therefore, we examine appellant's sentence with an eye towards whether the record supports the sentence or whether the sentence is otherwise contrary to law. See R.C. 2953.08(G)(1)(a), (d).

## III. OHIO'S FELONY SENTENCING GUIDELINES

### A. Purposes

When sentencing a felony offender, the sentencing court must consider the overriding purposes of felony sentencing. R.C. 2929.11(A). The overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others and (2) to punish the offender. R.C. 2929.11(A). In order to achieve those purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).

### B. Principles

The sentencing court is also required to consider principles aimed at achieving the two overriding purposes of felony sentencing. R.C. 2929.11(B). The first principle requires that the sentence be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B). The second principle commands that the sentence be "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

### C. Sentencing Factors

Under Ohio's felony sentencing law, there are two primary categories of factors the court must consider in making the sentencing determination—seriousness factors and recidivism factors. Additionally, the court may consider any other relevant factors relating to seriousness and recidivism to the extent they are helpful in achieving the overriding purposes and principles of felony sentencing.

The seriousness factors enumerated in R.C. 2929.12 take one of two forms—factors that make an offense more serious than conduct normally constituting the offense, and factors that make an offense less serious than conduct normally constituting the offense. The factors that make an offense more serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(B). They are:

"(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

"(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

"(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

"(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

"(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

"(6) The offender's relationship with the victim facilitated the offense.

"(7) The offender committed the offense for hire or as a part of an organized criminal activity.

"(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion."

The factors that make an offense less serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(C). They are:

"(1) The victim induced or facilitated the offense.

"(2) In committing the offense, the offender acted under strong provocation.

"(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

"(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."

The factors relating to recidivism are enumerated under R.C. 2929.12(D). They are:

"(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, * * * or under post-release control * * * for an earlier offense.

"(2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.

"(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

"(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

"(5) The offender shows no genuine remorse for the offense."

### D. Statutory Presumptions

For those felony offenders who previously have not served a prison term, there is a statutory presumption in favor of imposition of the shortest prison term authorized for the offense. R.C. 2929.14(B). The sentencing court may impose a prison term longer than the shortest term authorized, but shorter than the longest term authorized, if the court *finds on the record* that the shortest term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). The sentencing court may impose the longest or maximum prison term authorized *only* if the offender has committed the worst form of the offense, the offender poses the greatest likelihood of committing future crimes, the offender is a major drug offender, or the offender is a repeat violent offender. R.C. 2929.14(C).

### IV. APPLICATION

We turn now to a closer examination of appellant's sentence. Although the trial court imposed the maximum sentence, for ease of analysis we first examine the propriety of imposing a prison term other than the shortest term authorized for the offense. At the sentencing hearing, the trial court undertook an analysis of the seriousness and recidivism factors set out in R.C. 2929.12. The court found the presence of factors that made appellant's offense more serious than conduct normally constituting the offense. Under R.C. 2929.12(B)(1), the court found that the physical and mental injury suffered by appellant's son was exacerbated because of the son's age. Under R.C. 2929.12(B)(2), the court found that appellant's son had suffered serious physical and psychological harm as a result of the offense. Under R.C. 2929.12(B)(6), the court found that appellant's relationship with her son facilitated the offense. The court found no factors that made appellant's offense less serious than conduct normally constituting the offense. Concerning the recidivism factors, the court found only that appellant

had shown no remorse for the offense. Each of these findings have support in the record and the court did not err to the extent it made them.

However, the court did err in relying on the factors outlined in R.C. 2929.12(B)(3)–(5). The court noted appellant's position as mother, how holding that position obliged appellant to prevent harm to her son, and how that position facilitated the offense. The factors set forth in R.C. 2929.12(B)(3)–(5) apply only to offenders who hold certain positions, of which being a parent is not one. Therefore, those factors are inapplicable to appellant on these facts and cannot be relied upon in finding appellant's offense more serious than conduct normally constituting the offense.

Next we examine the trial court's October 21, 1997 judgment entry journalizing its sentencing decision. There is an unexplained discrepancy between the transcript of the sentencing hearing and the judgment entry journalizing the trial court's sentencing decision. At the sentencing hearing the court discussed the seriousness and recidivism factors set forth in R.C. 2929.12. Although the court improperly applied the factors enumerated in R.C. 2929.12(B)(3)–(5), it nevertheless applied the appropriate section and correctly relied on the remaining factors in that section, all of which are designed to achieve the overriding purposes and principles of felony sentencing. In the judgment entry, however, the court made no mention of the factors set forth in R.C. 2929.12 and instead found the presence of two factors enumerated under R.C. 2929.13(B)(1). R.C. 2929.13(B)(1) sets forth a list of factors that are to be considered in addition to those set forth in R.C. 2929.12 and only when the court is sentencing an offender for a felony of the fourth or fifth degree. Because the offense that appellant pled guilty to is a felony of the third degree, the court erred to the extent that its sentencing decision rested on these additional factors.

In the judgment entry, the court also found that the term of appellant's prison sentence was "reasonabl[y] necessary to deter [appellant] in order to protect the public from future crime." This statement, along with the court's analysis of the seriousness and recidivism factors at the sentencing hearing and its findings based thereon, provided an adequate basis upon which the court could have imposed a prison term longer than the shortest term authorized for the offense. However, the court did more than impose a prison term longer than the shortest term authorized for the offense—it imposed the maximum or longest term authorized for the offense.

The facts of appellant's case present only two factors that may make her eligible for the maximum term: (1) if she committed the worst form of the offense or (2) if she is an offender who poses the greatest likelihood of committing future crimes. Although the trial court sentenced appellant to the maximum prison term authorized for the offense, it made no findings on the record that appellant

met either of these two criteria. Therefore, the trial court erred to the extent that it sentenced appellant to the maximum or longest prison term authorized for the offense absent the required findings. Consequently, we clearly and convincingly find that appellant's sentence is otherwise contrary to law.

Accordingly, we find that appellant's sole assignment of error has merit.

## V. CONCLUSION

If on remand the trial court decides to resentence appellant to the maximum term, it must state those findings on the record that support the conclusion that appellant either committed the worst form of the offense or is an offender who poses the greatest likelihood of committing future crimes. If the trial court decides to resentence appellant to a prison term that lies somewhere between the shortest and longest prison terms authorized for the offense, it may do so based on those findings it made on the record that support the conclusion that imposition of the shortest term would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime by appellant or others.

We hereby vacate appellant's sentence and remand the matter to the trial court for resentencing according to law and consistent with this court's opinion.

*Judgment vacated*
*and cause remanded.*

Cox and WAITE, JJ., concur.