The STATE of Ohio, Appellee,

v.

ROSE, Appellant.

[Cite as *State v. Rose* (2001), 144 Ohio App.3d 58.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 98–JE–52.

Decided June 12, 2001.

*Stephen M. Stern,* Jefferson County Prosecuting Attorney, and *Joshua J. Sacks,* Assistant Prosecuting Attorney, for appellee.

*Bryan H. Felmet,* for appellant.

WAITE, Judge.

This timely appeal arises from a jury verdict finding appellant, Lawrence D. Rose, guilty of drug possession in violation of R.C. 2925.11(A) with a specification that the amount exceeded one gram. For the following reasons, we affirm the judgment of the trial court.

On May 28, 1997, Steubenville, Ohio, police officers observed appellant as a passenger in a car. Recognizing appellant and knowing of active warrants for his arrest, police stopped the vehicle, informed appellant of the warrants, and placed him under arrest. On arrest, appellant handed nine pieces of a white rock substance to one of the officers. Later at the police station, appellant spat two pieces of a white rock substance on the floor. A BCI forensic scientist tested and weighed the substance and determined it to be 1.9 grams of crack cocaine.

On September 9, 1997, the Jefferson County Grand Jury indicted appellant on one count of drug possession in an amount exceeding one gram but not exceeding five grams. On September 19, 1997, appellant was arraigned, pleaded not guilty, and was released on his own recognizance. On November 10, 1997, appellant and appellee, the state of Ohio, negotiated a plea agreement whereby appellant pleaded guilty to a lesser degree of drug possession. A sentencing hearing was scheduled for December 29, 1997, but appellant failed to appear and a warrant for his arrest was issued.

Appellant was later arrested, and on September 19, 1998, the trial court vacated the prior plea agreement and reinstated the original indictment as well as appellant's original plea of not guilty. A jury trial was conducted on November 17, 1998, after which appellant was found guilty as charged in the original indictment. On November 18, 1998, the trial court filed a judgment entry sentencing appellant to eighteen months of incarceration, the maximum allowable sentence. Appellant filed a timely notice of appeal.

Appellant's first assignment of error alleges:

"The trial court committed prejudicial error and deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provision of the Ohio Constitution by refusing to instruct the jury on the affirmative defense provided in R.C. 2925.11(F) that the controlled substance was possessed solely for personal use by the appellant and deprived the appellant of the opportunity to be convicted of fifth degree felony rather than the charged fourth degree felony."

R.C. 2925.11(F) provides that it is an affirmative defense to a fourth-degree felony drug-possession charge that the controlled substance giving rise to the charge is an amount, or is mixed in with other, uncontrolled substances or

otherwise prepared or possessed in a manner, that indicates that the substance was possessed solely for the accused's personal use. Appellant argues that he met this criterion and should have been allowed to present this defense, citing the testimony of the state's chemist. Appellant alleges that the chemist stated on cross-examination that the crack in question was combined with another substance such as baking soda. Appellant also raises his own testimony that he was addicted to crack and used it daily, that he was trying to buy crack for his own use when arrested, and that his drug use affects his memory.

Appellant asserts that R.C. 2945.11 requires that the trial court charge the jury on all matters of law required to return a verdict and that so long as a defense is supported by the evidence, the court has a duty to give an instruction relative to that defense. *State v. Mitchell* (1989), 60 Ohio App.3d 106, 574 N.E.2d 573.

Appellee responds by arguing that appellant has not met his burden under R.C. 2925.11(F) to provide evidence that he possessed the substance for personal use. Appellee states that at trial, appellant denied ever having physical possession of or having seen any of the crack cocaine at issue. Appellee asserts that at best, appellant testified that *if* he possessed the cocaine it *would* have been for his personal use. This statement falls short of the proof that must be shown before the defense may be used. Based on our review of the record here, appellee is correct and appellant's arguments are not well founded.

R.C. 2925.11(F) provides:

"It is an affirmative defense * * * to a charge of a fourth degree felony violation under this section that the controlled substance that gave rise to the charge is in an amount, is in a form, is prepared, compounded, or mixed with substances that are not controlled substances in a manner, or is possessed under any other circumstances, that indicate that the substance was possessed solely for personal use. Notwithstanding any contrary provision of this section, if, in accordance with section 2901.05 of the Revised Code, an accused who is charged with a fourth degree felony violation of division (C)(2), (4), (5), or (6) of this section sustains the burden of going forward with evidence of and establishes by a preponderance of the evidence the affirmative defense described in this division, the accused may be prosecuted for and may plead guilty to or be convicted of a misdemeanor violation of division (C)(2) of this section or a fifth degree felony violation of division (C)(4), (5), or (6) of this section respectively."

The Ohio Supreme Court stated with respect to affirmative defenses:

"In construing the phrase 'burden of going forward with the evidence,' this court stated in *State v. Robinson* (1976), 47 Ohio St.2d 103, at pages 111–112 [1 O.O.3d 61, at page 66, 351 N.E.2d 88, at page 91], that in order for the defendant to successfully raise an affirmative defense, ' * * * evidence of a nature and

quality sufficient to raise the issue must be introduced, from whatever source the evidence may come.' * * * If the evidence generates only a mere speculation or possible doubt, such evidence generates only a mere speculation or possible doubt, such evidence is insufficient to raise the affirmative defense, and submission of the issue to the jury will be unwarranted." *State v. Melchior* (1978), 56 Ohio St.2d 15, 20, 10 O.O.3d 8, 11–12, 381 N.E.2d 195, 199.

In the present matter, the record does not contain sufficient evidence to warrant an instruction on personal use as an affirmative defense. First, appellant relies on the testimony of the state's expert witness, who testified that crack cocaine usually contains another substance such as baking soda. Thus, appellant concludes, this testimony stands for the proposition that the cocaine admitted into evidence was in a form for personal use. However, appellant fails to note the expert's testimony that these substances are usually added to make the crack more marketable and to increase profits. Appellant's contention that the crack contained a substance other than cocaine could reasonably indicate an intent to distribute the crack, as it was in a more marketable form. Moreover, the state's expert did not specifically testify that this crack contained any specific substance other than cocaine, only that crack usually contains some other substance.

Appellant also argues that his addiction testimony is sufficient evidence to warrant an instruction on the affirmative defense of personal use. Appellant fails to note his own testimony that he "never seen that crack cocaine before," and that he denied having possession of the crack at issue. As appellee accurately states, appellant has merely argued that *if* he had possession of the crack it *would* have been for his own personal use. Appellant in fact testified, "if he would've sold it to me, yeah I would've used it for my personal use."

R.C. 2925.11(F) clearly requires that in order to use the affirmative defense of personal use, appellant cannot rely on speculation but, rather, must raise evidence that shows that his possession of the drugs was solely for personal use. Appellant's actual defense at trial was that he never had possession of the crack. In the alternative, his only testimony relating to personal use and the only evidence on record regarding this issue merely raises speculation that the crack was for his personal use if the court should find that he possessed the drug. Moreover, appellant's reliance on the expert testimony that crack usually contains another substance does not prove that the possession was solely for personal use. Again, this merely raises speculation that the cocaine may have been solely for personal consumption. To stretch this speculation into appellant's conclusion is outlandish in light of the expert testimony that the additional substances are added to increase marketability and profits. Moreover, crack cocaine by definition is a compound mixture. R.C. 2925.01(GG). Appellant cannot argue that the

drug in and of itself is in a form for personal use no matter the amount one possesses.

As appellant presented evidence that generates mere speculation that the crack could be for his personal use, the record does not present evidence that rises to a level to warrant an instruction on the affirmative defense. *State v. Melchior, supra,* 56 Ohio St.2d at 20, 10 O.O.3d at 11–12, 381 N.E.2d at 199. Accordingly, we overrule appellant's first assignment of error.

Appellant jointly argues his second and third assignments of error. Appellant's second assignment of error alleges:

"The trial court committed prejudicial error and deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provision of the Ohio Constitution by overruling appellant's objection to the admission of state's exhibits 1, 2, and 3 on the ground that the state chemist did not test each 'rock' of cocaine, when the appellant was charged with possession over the bulk amount."

Appellant's third assignment of error alleges:

"The trial court committed prejudicial error and deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution by finding appellant guilty of possessing crack cocaine over the bulk amount, as the verdict was against the manifest weight of the evidence."

Appellant points to the testimony of the state's chemist that he could not remember how many rocks of the suspected crack cocaine he analyzed and that he could not at trial visually distinguish one rock from another. Appellant cites and tries to distinguish *State v. Mattox* (1983), 13 Ohio App.3d 52, 13 OBR 55, 468 N.E.2d 353. The *Mattox* court found that a sample of five tablets of the ten sold to a police officer is substantial evidence from which a court could conclude that all ten tablets contained the controlled substance. Appellant admits that the *Mattox* court determined that the random sampling method of testing allows that reasonable inference if not rebutted. Appellant claims, however, to have rebutted the reasonableness of the state's evidence in this matter in claiming a lack of any scientifically accepted formula that would show the validity of the chosen sample. Appellant concludes that it was pure conjecture to believe that any untested rocks contained cocaine. Upon reviewing the record before us, we must conclude that appellant's second and third assignments of error also lack merit.

With respect to appellant's second assignment of error, the admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. "The term 'abuse of discretion' connotes more

than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.

Under Evid.R. 401, "[r]elevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Evid.R. 402, all relevant evidence is generally admissible, while evidence that is not relevant is not admissible.

In the present case, appellant was charged with possessing more than one gram, but less than five grams, of crack cocaine. The arresting officer identified State's Exhibit 1, the evidence seized at the time of arrest, as nine rocks of suspected crack cocaine. The officer also identified State's Exhibit 2 as two rocks of suspected crack cocaine. These are the substance appellant expelled from his mouth at the police station. The state's expert witness testified that State's Exhibit 1 contained 1.6 grams of crack cocaine base form and that his conclusion was based upon a random sample. This expert then testified that State's Exhibit 2 contained .3 grams of crack cocaine base form and that his conclusion was based upon testing at least one of the rocks. Finally, state's Exhibit 3 is the expert's report, which contains his findings consistent with this testimony.

State's Exhibits 1, 2, and 3 are clearly relevant, as they tend to prove that appellant had possession of crack cocaine in an amount as charged. The trial court did not abuse its discretion in admitting those exhibits. Accordingly, we must overrule appellant's second assignment of error.

■ With respect to appellant's third assignment of error, appellant has essentially argued that as a result of unreliable testing, the state failed to demonstrate that appellant was in possession of crack cocaine in the amount specified in the indictment. Appellant concludes that due to this, the jury's verdict was not supported by the manifest weight of the evidence. The issue of whether a trial court judgment is against the manifest weight of the evidence was addressed extensively in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. In *Thompkins*, the court distinguished between sufficiency of the evidence and weight of the evidence. *Id.* at 386, 678 N.E.2d at 546.

" ' "[S]ufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally insufficient to support the jury verdict as a matter of law.' " *Id.*, quoting Black's Law Dictionary (6 Ed.1990) 1433; Crim.R. 29(A). "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d at 386, 678

N.E.2d at 546, citing *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. The *Thompkins* court stated that "a conviction based on legally insufficient evidence constitutes a denial of due process." *Id.* at 386, 678 N.E.2d at 546, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663.

The Thompkins court made it clear, however, that even though a court of review may find that a trial court decision should be sustained as to the sufficiency of the evidence, the reviewing panel may nevertheless find that the decision was against the manifest weight of the evidence. *State v. Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d at 546–547, citing *State v. Robinson*, 162 Ohio St. at 487, 55 O.O. at 388–389, 124 N.E.2d at 149–150.

"Weight of evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' " *Id.*, quoting Black's, supra, 1594.

When reviewing a trial court decision on the basis that the verdict was against the manifest weight of the evidence, a court of appeals acts as a "thirteenth juror," especially when it reviews the trial court's resolution of conflicts in testimony. *Id.*, citing *Tibbs v. Florida*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661–662. Furthermore:

"The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d at 547, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720–721.

The state's expert testified as to his qualifications, and the trial court qualified him as an expert in the field of chemistry and drug analysis. The state's expert testified that State's Exhibit 1 contained 1.6 grams of crack cocaine base form and that his conclusion was based upon a random sample. He also testified that State's Exhibit 2 contained .3 grams of crack cocaine base form and that his conclusion was based upon testing at least one of the rocks.

In *State v. Mattox, supra,* on which appellant relies, the defendant sold ten purple tablets to a police officer. Testing on five of the tablets determined that they contained LSD. The court of appeals stated that the trier of fact "was permitted to reasonably infer each tablet was a unit dose [of LSD], there was sufficient evidence to conclude beyond a reasonable doubt that ten unit doses were sold." 13 Ohio App.3d at 53, 13 OBR at 57, 468 N.E.2d at 356. In *In re Lemons* (1991), 77 Ohio App.3d 691, 603 N.E.2d 315, which is factually similar to the case before us, an expert chemist tested a random sample out of thirty-one rocks of suspected crack cocaine. The expert was unable to remember exactly how many rocks he actually tested. The court of appeals ruled that the testing of the random sample "was substantial evidence from which the trial court could properly conclude beyond a reasonable doubt that all thirty-one rocks contained cocaine." *Id.* at 696, 603 N.E.2d at 319.

Accordingly, in the present matter before us, the testing of random samples of the rocks constituting State's Exhibits 1 and 2 was substantial evidence from which the jury could have concluded beyond a reasonable doubt that all the rocks were crack cocaine. Therefore, there was sufficient evidence that the crack cocaine in evidence was in an amount as specified in the indictment.

█ Turning to the weight of the evidence, appellant has not demonstrated, nor does the record reflect, any evidence to the contrary. Rather, appellant is actually challenging the credibility of the expert testimony explaining his conclusion that the exhibits contained a total of 1.9 grams of crack cocaine. It is well settled in Ohio that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 366, 227 N.E.2d 212, 213. Thus, we will not second-guess such determinations unless it is clear that the jury lost its way and a miscarriage of justice occurred. *State v. Chapman* (Sept. 26, 2000), Mahoning App. No. 98–CA–111, unreported, *9, 2000 WL 1506198. Given that the state of Ohio presented sufficient evidence that State's Exhibits 1 and 2 contained more than one gram of crack cocaine and as appellant has not demonstrated any contrary evidence, we cannot say that the jury clearly lost its way and that a miscarriage of justice occurred. Therefore, we overrule appellant's third assignment of error.

Appellant's fourth assignment of error alleges:

"The trial court erred and abused its discretion by imposing the maximum sentence of incarceration on the Appellant."

█ Appellant argues that R.C. 2929.14(C) provides that the maximum sentence allowable for an offense may be imposed only upon offenders who commit the worst form of the offense, offenders who pose the greatest likelihood of

committing future crimes, certain major drug offenders, and certain repeat violent offenders. Appellant states that the trial court must affirmatively support the sentence and provide reasons for imposing the maximum sentence for a single offense. R.C. 2953.08(G)(1) and 2929.19(B)(2)(d).

Appellant admits that the trial court found that he poses the greatest likelihood of committing future crimes by virtue of his record and because he failed to report for sentencing following his earlier plea agreement. However, appellant argues that even though the trial court stated one of the appropriate reasons for imposing the maximum sentence, the court did not adequately explain how appellant's record and failure to appear otherwise supported the sentence. Based on our review of the record before us, however, this assignment of error lacks merit.

We have recently addressed the imposition of a maximum sentence pursuant to Ohio's revised sentencing guidelines in *State v. Brown* (May 15, 2000), Jefferson App. No. 97–JE–36, unreported, 2000 WL 652544. R.C. 2953.08(G) provides that an appellate court on review of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for resentencing if the court finds no support in the record for the sentence or it is contrary to law.

Therefore, we must examine appellant's sentence with an eye toward whether the record supports the sentence or whether the sentence is otherwise contrary to law. *Id.,* citing *State v. Roth* (1999), 133 Ohio App.3d 578, 729 N.E.2d 422; R.C. 2953.08(G)(1)(a) and (d).

When sentencing a felony offender, the court must consider the overriding purposes of felony sentencing: protecting the public from future crime and punishing the offender. R.C. 2929.11(A). To achieve the stated purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* Furthermore, "[a] sentence imposed for a felony shall be * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B).

Under Ohio's felony sentencing law there are two primary categories of factors the court must consider in making the sentencing determination: seriousness factors and recidivism factors. Additionally, the court may consider any other relevant factors relating to seriousness and recidivism to the extent they are helpful in achieving the purposes and principles of felony sentencing. R.C. 2929.12(A).

Relevant to the present case are the factors relating to the likelihood of recidivism, which are enumerated under R.C. 2929.12(D), as follows:

"(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, * * * or under post-release control * * * for an earlier offense.

"(2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.

"(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

"(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

"(5) The offender shows no genuine remorse for the offense."

Factors indicating that recidivism is not likely are enumerated under R.C. 2929.12(E):

"(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

"(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

"(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

"(4) The offense was committed under circumstances not likely to recur.

"(5) The offender shows genuine remorse for the offense."

Again, the sentencing court may impose the longest or maximum prison term authorized only if the offender has committed the worst form of the offense, poses the greatest likelihood of committing future crimes, is a major drug offender, or is a repeat violent offender. R.C. 2929.14(C).

Appellant does not challenge the imposition of a prison sentence in general, only the imposition of the maximum sentence. In its judgment entry imposing sentence, the trial court stated, "the Court further finds that Defendant poses the greatest likelihood of committing future crimes by virtue of his record and his actions in failing to report for sentencing following a previous plea agreement."

Appellant's history of criminal convictions is a factor to consider under R.C. 2929.12(C). Appellant admitted at trial that he had served a prison sentence for drug trafficking. As noted earlier, the trial court may also consider any other relevant factors relating to recidivism to the extent they are helpful in achieving the overriding purposes and principles of felony sentencing. Therefore, the trial

court properly considered that appellant failed to appear for sentencing pursuant to his previous plea agreement to the charge he now appeals. Appellant's flight is a matter of record in this case.

As the trial court's reasons for imposing the maximum sentence are supported by the record and the sentence is not contrary to law, we must also overrule appellant's fourth assignment of error. Accordingly, we affirm the judgment of the trial court in full.

*Judgment affirmed.*

GENE DONOFRIO and DEGENARO, JJ., concur.