OPINION.
{¶ 1} James Carnicom appeals from his conviction and sentence in the Miami County Court of Common Pleas on one count of receiving stolen property, a fifth-degree felony.
 {¶ 2} The record reflects that Carnicom entered a guilty plea to the foregoing charge, and the trial court sentenced him to twelve months in prison. In two related assignments of error, Carnicom challenges the adequacy of the trial court's findings to support the imposition of a twelve-month sentence. In a third assignment of error,
 {¶ 3} he argues that the trial court erred in accepting his guilty plea because it was not "knowingly and freely given."
 {¶ 4} Upon review, we find the three assignments of error to be unpersuasive. Carnicom's first assignment of error states: "Because appellant received the maximum sentence for this offense he is entitled to de novo review herein." (Appellant's brief at 4). This assignment of error merely proposes a standard of appellate review and fails to assign any error.[1] Nevertheless, the body of Carnicom's brief does allege specific errors in the imposition of his sentence. His first argument appears to be that the trial court did not make a necessary finding to support the imposition of a maximum term of incarceration. In particular, Carnicom cites R.C. § 2929.14(C), which provides that a sentencing court may impose the maximum sentence only on offenders who commit the worst forms of the offense, pose the greatest likelihood of committing future crimes, are repeat violent offenders, or are major drug dealers. During Carnicom's sentencing hearing, the trial court found that he was "most likely to commit future crimes in the future." (Sentencing hearing transcript at 6). Carnicom insists that this finding does not constitute a determination that he poses "the greatest likelihood of committing future crimes."
 {¶ 5} In our view, however, the trial court's finding, although somewhat inarticulate, is sufficient to satisfy the requirement of R.C. § 2929.14(C). A person "most likely to commit future crimes" reasonably may be said to pose "the greatest likelihood of committing future crimes." See State v. Shepherd (Dec. 6, 2002), Montgomery App. No. 19284 (recognizing that "[r]ecitation of the exact words used in R.C. 2929.14(C) is not required"). In any event, we note that the trial court's subsequent sentencing entry resolved any ambiguity in its finding. The sentencing entry expressly states: "The Defendant poses the greatest likelihood of committing crimes." (Doc. #20 at 1). Accordingly, we find Carnicom's argument to be unpersuasive.
 {¶ 6} Carnicom next contends the evidence fails to support a finding that he poses the greatest likelihood of committing future crimes. We disagree. As we recognized in Shepherd, supra, R.C. §2929.19(B)(2)(d) obligates a sentencing court to state reasons for finding that a defendant poses the greatest likelihood of committing future crimes, and the trial court did so in the present case. In particular, the trial court relied on the fact that Carnicom previously had served a prison term, that he had prior adjudications or a history of criminal convictions, that he had not been rehabilitated after being adjudicated delinquent or convicted, that he showed no remorse for his offense, that he had absconded while awaiting a presentence investigation interview, and that he had failed to appear for an earlier scheduled sentencing in this case. (Sentencing hearing transcript at 5-6).
 {¶ 7} The record supports each of the foregoing facts upon which the trial court based its finding that Carnicom poses the greatest likelihood of committing future crimes and its decision to impose a maximum sentence. First, Carnicom admits that he previously had been convicted of three felonies and sentenced to prison. His prior offenses included a 1980 conviction for breaking and entering, a 1986 conviction for receiving stolen property, and a 1994 conviction for grand theft. Second, these successive felony offenses and his current crime reasonably suggest that he has not been rehabilitated. Third, a lack of remorse for the present offense reasonably may be inferred from Carnicom's refusal to submit to a presentence investigation. Fourth, Carnicom admits his failure to appear for an earlier sentencing hearing. Such a failure to appear has been found relevant to a defendant's propensity to commit future crimes. See State v. Rose, 144 Ohio App.3d 58, 68-69,2001-Ohio-3297; State v. Sochor, Stark App. No. 2002CA00080,2002-Ohio-5292; State v. Daniels, Hamilton App. Nos. C-010070, C-010087,2001-Ohio-8749. Because the evidence supports the reasons given by the trial court for imposing a maximum sentence, we find Carnicom's argument to be unpersuasive, and we overrule his first assignment of error.[2]
 {¶ 8} In his second assignment of error, Carnicom initially repeats his argument regarding the trial court's alleged failure to find that he poses the greatest likelihood of committing future crimes. We addressed and rejected this argument in our analysis of his first assignment of error, supra, and need not repeat that analysis. Carnicom next contends that the trial court failed to cite any of the "seriousness" and "recidivism" factors found in R.C. § 2929.12(B), (C), (D), and (E). The record belies this argument. The sentencing hearing transcript reflects that the trial court found the existence of several factors making recidivism likely under R.C. § 2929.12(D). Such factors include those discussed above, namely the fact that Carnicom previously had served a prison term, that he had prior adjudications or a history of criminal convictions, that he had not been rehabilitated after being adjudicated delinquent or convicted, that he showed no remorse for his offense, that he had absconded while awaiting a presentence investigation interview, and that he had failed to appear for an earlier scheduled sentencing in this case. (Sentencing hearing transcript at 5-6). Although Carnicom stresses the trial court's failure to mention any of the R.C. § 2929.12(E) factors that make recidivism less likely, he cites only one such factor having even arguable applicability. See R.C. § 2929.12(E)(3) ("Prior to committing the offense the offender had led a law-abiding life for a significant number of years."). Given Carnicom's 1994 conviction for grand theft, however, the trial court reasonably may have discounted the weight of that factor, particularly in light of the fact that the 1994 conviction resulted in his third prison sentence. Finally, with regard to the various seriousness factors, the trial court did address them. It found "that there is no factor that would cause this case to be more or less serious than the average case of this nature." (Sentencing hearing transcript at 5).[3] As a result, we reject Carnicom's argument that the trial court failed to address the factors set forth in R.C. § 2929.12.
 {¶ 9} Without any analysis or elaboration, Carnicom next insists that his twelve-month sentence is not commensurate with the seriousness of his conduct and its impact on the victim, and that his sentence is inconsistent with sentences imposed for similar crimes committed by similar offenders. This argument implicates R.C. § 2929.11(B), which discusses the overriding purposes of felony sentencing and provides, in relevant part, that a sentence shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 10} Given that the trial court considered the factors intended to guide its selection of a proper sanction, we are satisfied that Carnicom's sentence is sufficiently commensurate with the seriousness of his conduct and its effect on the victim. Furthermore, because Carnicom received the maximum possible term of incarceration, his sentence certainly does not demean the seriousness of his crime or its effect on the victim. Finally, Carnicom cites absolutely nothing to support the bare assertion that his sentence is inconsistent with sentences imposed for similar crimes committed by similar offenders. Absent some evidence or specific argument from Carnicom on this point, or at least citation to other cases involving dissimilar sentences received by similar defendants for similar crimes, we find no merit to his claim. Accordingly, we overrule his second assignment of error.
 {¶ 11} In his third assignment of error, Carnicom contends that the trial court erred in accepting his guilty plea because the plea was not "knowingly and freely given." His only argument in support is that the trial court once misstated the length of time that he could be required to serve in prison if he violated the conditions of his post-release control. According to Carnicom, this misstatement violated Crim.R. 11(C)(2), thereby rendering his plea invalid and warranting the reversal of his conviction.
 {¶ 12} Upon review, we find no merit in Carnicom's argument. During the plea hearing, the trial court addressed him and explained: "After prison release you may have up to three years of post release control. During post release control you'll have conditions to follow. If you violate those conditions the parole board or authority could after completion of your prison term impose more restrictive conditions including a residential sanction that includes a new prison term up to nine months for each violation. All such extensions may not exceed a cumulative maximum total of fifty percent of the originally stated term." (Plea hearing transcript at 7).
 {¶ 13} According to Carnicom, the trial court's explanation is contradictory. The trial court first informed him that he could receive an additional nine-month prison term each time he violated a condition of post-release control. It then stated that all such prison terms could not exceed an aggregate maximum of six months (i.e., fifty percent of his original twelve-month sentence). In light of this "confusing and erroneous" explanation, Carnicom asserts that his plea must be vacated.
 {¶ 14} Under the facts of the present case, we agree that the trial court's explanation, although consistent with the relevant statutes, was perhaps unclear. Section 2943.032(E) of the Revised Code provides that a defendant must be informed, prior to entering a plea of guilty or no contest, that if he violates a condition of post-release control, "the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months." The trial court complied with this requirement. We note, however, that a second statute, R.C. § 2967.28(F)(3), further limits the potential length of a prison term for violating a condition of post-release control. In relevant part, it provides: "The period of a prison term that is imposed as a post-release control sanction under this division shall not exceed nine months, and the maximum cumulative prison term for all violations under this division shall not exceed one-half of the stated prison term originally imposed upon the offender. . . ."
 {¶ 15} Given the relatively short length of Carnicom's prison term, it appears that he cannot receive a nine-month sentence for violating a condition of post-release control. Rather, any such prison term or terms cannot exceed one-half of his twelve-month sentence. Thus, in the present case, the trial court overstated by three months the potential additional prison sentence that Carnicom could face. It then correctly recited the limitation provided by R.C. § 2967.28(F)(3) when it told him that any extension could not exceed fifty percent of his original sentence.
 {¶ 16} In light of the foregoing facts, we cannot agree that Carnicom is entitled to have his guilty plea vacated. As noted above, the trial court complied with the statutory requirements imposed upon it. At worst, it inadvertently may have misled Carnicom into believing that he faced a longer possible prison sentence than is available. We fail to see, however, how he could have been prejudiced by any such misapprehension on his part. Indeed, he cannot seriously argue that he plead guilty based on a belief that he faced a possible additional nine-month sentence, and that he would not have entered the plea if he had known that the possible sentence was only six months. In short, anyoverstatement by the trial court regarding the potential length of a post-release control sanction cannot have prejudiced Carnicom. Given his failure to demonstrate that he would not have entered the plea had he understood that such a sanction could be only six months, we find no basis to vacate his plea. Cf. State v. McDargh, Clark App. No. 2000-CA-94, 2001-Ohio-1703 ("We agree with the State that it is highly improbable that McDargh would not have entered his pleas merely because he could have been subjected to an additional new sentence of nine months for violating the terms of post-release control."). Although Carnicom may have been confused, the trial court at least substantially complied with the requirements imposed upon it, and he has failed to demonstrate prejudice. Id. Accordingly, we overrule his third assignment of error and affirm the judgment of the Miami County Court of Common Pleas.
Judgment affirmed.
GRADY, J., concurs.
FAIN, J., concurs in the judgment.
[1] In addition, the statute that Carnicom cites, R.C. § 2953.08, actually provides a different standard of review. It states that an appellate court may increase, reduce, vacate and remand, or otherwise modify a sentence if it "clearly and convincingly finds" either that the record does not support the trial court's findings or that the sentence is contrary to law. Although a "clear and convincing" standard typically is associated with a litigant's burden of proof rather than a court's standard of review, R.C. § 2953.08 imposes a "clear and convincing" standard of review for appellate courts. See State v. Peck, Champaign App. No. 2002-CA-24, 2003-Ohio-3836 ("[W]e may only take action regarding a sentence if we clearly and convincingly find that the record does not support the sentencing court's findings . . . [or] if we clearly and convincingly find that the sentence is otherwise contrary to law."); Griffin Katz, Ohio Felony Sentencing Law (2002 Ed.) T.9.19-9.20, pp. 791-795 (recognizing that a de novo standard of review generally is inappropriate under the appellate-review provisions of S.B. 2; rather, a "clear and convincing" standard applies except on pure questions of law involving statutory interpretation).
[2] In a final sentence under his first assignment of error, Carnicom makes a passing reference to the trial court's failure to consider certain "mitigating factors" found in R.C. § 2929.12. We note, however, that this alleged error is briefed more fully under Carnicorn's second assignment of error. Consequently, we will address it in our analysis of his second assignment of error.
[3] Parenthetically, we note that the trial court's "seriousness" and "recidivism" findings are entirely consistent with its determination that Carnicom did not commit the worst form of the offense at issue but that he does pose the greatest likelihood of committing future crimes.