DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, John Lamb, appeals his sentence from the Wood County Court of Common Pleas on a charge of endangering children in violation of R.C. 2919.22(A). Because we conclude that the trial court made appropriate findings to justify a prison sentence, we affirm.
 {¶ 2} This criminal case stems from Lamb's treatment of his live-in girlfriend's 15 month old son. In April 2001, Lamb occasionally baby-sat the child while his girlfriend was at work. One morning, the child refused to stand He was taken to a different baby-sitter who noted the child was upset all that day. The child again refused to stand the next morning, and was struck in the head by Lamb. The child was taken to the Wood County Hospital where it was discovered that he had a broken leg and numerous bruises throughout his body. He also had torn ears, a previously broken arm, and a depressed skull fracture.
 {¶ 3} On February 7, 2002, the grand jury returned a two count indictment against Lamb, Count One charging child endangering, a violation of R.C. 2919.22(A), a felony of the third degree, and Count Two alleging child abuse, a violation of R.C. 2919.22(B)(1)(3), a felony of the second degree. On March 11, 2003, Lamb pled guilty to Count One, and Count Two was dismissed at the sentencing hearing. The trial court sentenced Lamb to one year of incarceration.
 {¶ 4} Lamb raises the following two assignments of error on appeal:
 {¶ 5} "I. The trial court erred by not making proper findings pursuant to O.R.C. § 2929.13(C) to justify a prison sentence for appellant and thereby denied him due process of law.
 {¶ 6} "II. The appellant was denied effective assistance of counsel as guaranteed him under the Sixth andFourteenth Amendments to the United States Constitution and Article I, § 10
of the Constitution of the State of Ohio, when said counsel failed to object to inaccurate and misleading references, by both the state and trial court, to factors being considered in sentencing appellant."
 Sentencing Factors {¶ 7} In the first assignment of error, Lamb contends that the trial court erred in sentencing him to prison. He argues that based on the state's recommendation of community control and no evidence that Lamb posed a threat to the victim or to others, the trial court should have sentenced him to a term of community control rather than prison.
 {¶ 8} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 9} When sentencing a defendant, R.C. 2929.11(A) requires that the trial court be guided by "the overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender. Pursuant to R.C. 2929.11(B), the trial court must impose a sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses by similar offenders." Unless a mandatory prison term is required, the trial court has discretion to determine the most effective way of achieving those purposes and principles, but the court must consider factors set forth in subdivisions (B), (C), (D) and (E) of R.C. 2929.12. These factors relate to the seriousness of the offense and the likelihood that the offender will commit future crimes. The sentencing court also may consider additional factors that it finds relevant to achieving the R.C. 2929.11 purposes and principles of sentencing. R.C.2929.12(A).
 {¶ 10} Lamb was convicted of endangering children, a felony of the third degree. Pursuant to R.C. 2929.14(A)(3), the prison term range for a third-degree felony is one, two, three, four, or five years. The sentencing guidelines in R.C. 2929.13(C), however, do not provide a presumption in favor of either a prison sentence or community control for third-degree felonies. The choice is left to the discretion of the sentencing judge.
 {¶ 11} Lamb was sentenced to one year in prison, the minimum prison sentence possible. At the sentencing hearing, the trial court stated as follows:
 {¶ 12} "I have reviewed the presentence investigation. I have certain findings that I must look at and make as the court in the sentence in this matter.
 {¶ 13} "The seriousness factors include that the injury was worsened by the age of the victim, and the victim did suffer serious physical harm, perhaps psychological harm as well. The offender — or the offense was related to a position of trust and facilitated by the offender's relationship with the victim.
 {¶ 14} "As to recidivism factors, there has been a prior history of delinquency and criminal convictions and some failure in the past to respond to probation and parole, although there has been some significant time period in between, as the defense counsel has mentioned.
 {¶ 15} "Accordingly, I do find — even though the State has recommended community control, I do find that community control would violate the principles of felony sentencing and would not adequately punish the defendant or protect the public and would demean the seriousness of the offense.
 {¶ 16} "Accordingly, I'm going to impose the minimum sentence of one year in the Ohio Department of Rehabilitation 
Corrections. I'm going to order restitution of any medical bills and the payment of costs.
 {¶ 17} "Mr. Coon, at the appropriate time, I would consider a motion for judicial release into the Search Program for treatment purposes, but that would be at the appropriate time."
 {¶ 18} The trial court's judgment entry reiterates these findings and adds findings pursuant to R.C. 2929.13(B).[1]
 {¶ 19} Lamb argues that he should have received community control because (1) the state recommended it; (2) he had been placed on an own recognizance bond and granted a stay; (3) he received the minimum prison sentence; (4) the trial court indicated it would consider judicial release; and (5) the trial court did not lecture him at sentencing. Lamb, however, fails to point to any statutory factors under R.C. 2929.12(C) and (E) that would show that his offense was less serious or that he was less likely to commit future offenses, other than the number of years he led a law-abiding life — the one factor the trial court found. Instead, Lamb contends that he was denied due process because the trial court relied on false, misleading, and inaccurate information when sentencing him. He specifically questions the trial court's findings that he had a prior history of delinquency and criminal convictions and that he held a position of trust.
 {¶ 20} Even though Lamb acknowledges that he was adjudicated a delinquent child and that he has an adult conviction, he disputes the trial court's language at the sentencing hearing and in its judgment entry that he has "a prior history of delinquency and criminal convictions." Lamb maintains that the trial court's usage of the plural of the word "convictions" exaggerated and inaccurately depicted his past criminal record. This argument lacks merit. The presentence report and defense counsel at sentencing accurately portrayed Lamb's criminal history. Based on that criminal history, the record supports a finding under R.C.2929.12(D)(2).
 {¶ 21} Lamb also disputes the trial court's finding under R.C. 2929.12(B)(3). This factor indicates that a defendant's conduct is more serious than conduct normally constituting the offense because "the offender held a public office or position of trust in the community, and the offense related to that office or position." The state argues that Lamb held a position of trust in the household because he would baby-sit the victim. R.C.2929.12(B)(3), however, refers to a position of trust in the community, not the household. In State v. Roth (1999),133 Ohio App.3d 578, a mother was charged with violating R.C.2919.22(B)(3). Among other factors, the trial court noted that the defendant held a position of trust as the child's mother. The appellate court found that the trial court erred in relying on the position of trust factors outlined in R.C. 2929.12(B)(3)-(5), stating: "The factors set forth in R.C. 2929.12(B)(3)-(5) apply only to offenders who hold certain positions, of which being a parent is not one. Therefore, those factors are inapplicable to appellants on these facts and cannot be relied upon in finding appellant's offense more serious than conduct normally constituting the offense." Id. at 584. See, also, State v.Jones (Nov. 13, 1998), 2nd Dist. No. 98CA009 (R.C.2929.13[B][1][d] and 2929.12[B][3] inapplicable to a private person who abuses a position of trust into which he or she is put by another private person); State v. Radcliff (Mar. 17, 1998), 10th Dist. Nos. 97APA08-1054, and 97APA08-1056 (a plain reading of the modifying language "in the community" clearly reveals the intention to apply R.C. 2929.12(B)(3) to public officials and community leaders).
 {¶ 22} Although the trial court erred in applying R.C.2929.12(B)(3), the remaining factors that the trial court found — age of the victim (R.C. 2929.12(B)(1)), serious physical harm (R.C. 2929.12[B][2]), relationship facilitated the offense (R.C.2929.12[B][6]) — were not challenged by Lamb. These findings are supported by the record and are themselves sufficient to justify a prison sentence. We, therefore, conclude that the trial court did not err in sentencing Lamb to a one-year prison term and find that Lamb's first assignment of error is not well taken.
 Ineffective Assistance of Counsel {¶ 23} In the second assignment of error, Lamb argues that his sentence should be reversed because of ineffective assistance of counsel. In Strickland v. Washington (1984), 466 U.S. 668,687, the United States Supreme Court adopted a two-prong analysis to determine whether a defendant's conviction should be reversed on the basis of ineffective assistance of counsel. It requires a showing that (1) counsel's performance was so deficient as to not function as the counsel guaranteed by the Sixth Amendment, and (2) counsel's errors were prejudicial and deprived the defendant of a trial whose result was reliable. To warrant reversal, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 {¶ 24} "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Strickland at 689, 104 S.Ct. at 2065,80 L.Ed.2d at 694-695; State v. Wickline (1990),50 Ohio St.3d 114, 126, 552 N.E.2d 913, 925. Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of a trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel. Lockhart v. Fretwell (1993), 506 U.S. [364, 368-370], 113 S.Ct. 838, 842-843, 122 L.Ed.2d 180, 189-191."State v. Carter (1995), 72 Ohio St.3d 545, 558. Even a questionable trial strategy does not compel a finding of ineffective assistance of counsel. State v. Smith (2000),89 Ohio St.3d 323, 328, 2000-Ohio-166; State v. Clayton (1980),62 Ohio St.2d 45, 49.
 {¶ 25} Lamb contends that he received ineffective assistance of counsel because his trial counsel failed to object to the trial court's findings at sentencing. Because we have concluded that the trial court made appropriate findings which justified a prison sentence, we find that trial counsel's failure to object to the finding made pursuant to R.C. 2929.12(B)(3) does not arise to the level of ineffective of counsel. Lamb's second assignment of error is not well taken.
 {¶ 26} Based on the above, we find that substantial justice was done to the appellant. The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
Knepper, J., Lanzinger, J., Singer, J., Concur.
[1] R.C. 2929.13(B) applies when a defendant is being sentenced to a felony of the fourth or fifth degree. Lamb was convicted of a felony of the third degree. Therefore, we will only consider these findings to the extent that they apply under R.C. 2929.12.