DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Robyn M. Coppernoll, appeals from her conviction and sentence in the Williams County Court of Common Pleas for trafficking in cocaine. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} On December 20, 2006, appellant was indicted on a single charge of trafficking on cocaine, in violation of R.C. 2925.03(A)(1)(C)(4)(e), a felony of the second degree.
 {¶ 3} On May 7, 2007, the case was tried to the court. At trial, the evidence showed that on December 13, 2006, appellant sold 25 baggies of a substance to a confidential informant. In exchange for the substance, the confidential informant gave appellant $1,700.
 {¶ 4} Forensic scientist Scott Dobransky, working for the Ohio Bureau of Criminal Identification and Investigation ("BCII"), weighed and tested the substance on behalf of appellee, the state of Ohio. He testified that he weighed the substance contained in each of the 25 bags, and that the cumulative net weight of the substance totaled 16.82 grams.
 {¶ 5} After observing that the substance contained in the 25 baggies had a homogeneous appearance, Dobransky used the "hypergeometric rule" to determine that only 13 randomly selected samples out of the total of 25 required additional testing in order to reliably determine the identity of the entire 16.82 grams of substance.
 {¶ 6} Dobransky testified that the hypergeometric rule, which results in a 95 percent confidence level that 90 percent of the samples will be correctly identified, is an accepted standard throughout his field of expertise. He further testified that BCII had *Page 3 
been using the hypergeometric rule for the past three years, and that this rule required the testing of more samples than did their previously-used formula.[1]
 {¶ 7} To determine the chemical makeup of the samples, Dobransky performed the following tests on each of the 13 samples: a color test; a microcrystal examination; a gas chromatograph mass spectrometry examination; a chemical solubility test; and an infrared spectrometry examination. After completing these tests, Dobransky concluded that the substance found in appellant's 25 baggies was crack cocaine.
 {¶ 8} Following trial, appellant was found guilty as charged. The trial court, after considering the record, oral statements, and pre-sentence report, as well as the principles and purposes of sentencing under R.C. 2929.11, and after balancing the seriousness and recidivism factors as set forth in R.C. 2929.12, sentenced appellant to serve four years in prison.
 {¶ 9} Appellant timely appealed her conviction and sentence, raising the following assignments of error:
 {¶ 10} I. "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN SENTENCING HER TO A FOUR (4) YEAR MANDATORY SENTENCE FOR HER CONVICTION FOR TRAFFICKING IN COCAINE, A FELONY OF THE SECOND DEGREE, IN VIOLATION OF OHIO REVISED CODE § 2925.03(A)(1)(C)(4)(E)." *Page 4 
 {¶ 11} II. "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN FINDING THAT THE STATE HAD PROVED BEYOND A REASONABLE DOUBT THAT DEFENDANT/APPELLANT POSSESSED BETWEEN TEN (10) AND TWENTY-FIVE (25) GRAMS OF CRACK COCAINE."
 {¶ 12} We will consider appellant's second assignment of error first in our analysis. In arguing that the state failed to establish beyond a reasonable doubt that she had between ten and 25 grams of crack cocaine, appellant specifically challenges the random sampling method of testing that was used in this case. According to appellant, in order for the state's evidence to have been sufficient to show that the 16.82 grams of substance was crack cocaine, there would have to have been evidence that tests had been performed on all 25 baggies of substance, rather than on just the 13 representative samples. We disagree.
 {¶ 13} Ohio courts have consistently upheld the random sampling method of testing. State v. Martin, 8th Dist. No. 89030, 2007-Ohio-6062, ¶ 42; see, also, In re Lemons (1991), 77 Ohio App.3d 691, 696; State v.Rose, 144 Ohio App.3d 58, 2001-Ohio-3297; State v. Mattox (1983),13 Ohio App.3d 52, 53. The "random sampling method of testing creates a reasonable inference that all similar contraband contains the same controlled substance as that tested, at least when the contraband is recovered together and is similarly packaged." State v. Samatar,152 Ohio App.3d 311, 2003-Ohio-1639. Thus, "evidence of the random sampling method is sufficient as a matter of law to *Page 5 
support a determination that the entire substance recovered together and similarly packaged is the same controlled substance as that tested."State v. Martin, supra.
 {¶ 14} Here, evidence of the random sampling method was clearly sufficient to support the trial court's determination that the entire 16.82 grams of substance that was recovered together and was similarly packaged in the 25 individual baggies, was crack cocaine. Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 15} In her first assignment of error, appellant argues that the trial court erred in sentencing appellant to four years in prison. Our review of appellant's sentencing transcript and judgment entry reveals no error.
 {¶ 16} Appellant was convicted of violating R.C.2925.03(A)(1)(C)(4)(e), a felony of the second degree. Pursuant to that provision, where the accused is convicted of trafficking in cocaine in an amount in excess of ten grams but less than 25 grams, the court is required to impose "as a mandatory prison term one of the prison terms prescribed for a felony of the second degree." Id. In Ohio, a second-degree felony may be punished by a definite prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2).
 {¶ 17} Following the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d. 1, 2006-Ohio-856, "trial courts now have full discretion to imposes sentences within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive or greater-than-minimum sentences." State v. Harris, 6th Dist. No. F-06-015, 2007-Ohio-1196, ¶ 15. In exercising its discretion, a trial court is merely required to "consider" the purposes of sentencing set forth in R.C. 2929.11 and *Page 6 
the statutory guidelines and factors set forth in R.C. 2929.12.State v. Foster, supra, at ¶ 36-42; see, also, State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38; State v. Estep, 3d Dist. No. 9-07-16,2007-Ohio-6713, ¶ 12.
 {¶ 18} Appellant's sentence was in the middle of the permissible range of punishments prescribed for second-degree felonies. In addition, the trial court stated in its judgment entry that it had considered the record, oral statements, and pre-sentence report, as well as the principles and purposes of sentencing under R.C. 2929.11, and had balanced the seriousness and recidivism factors as set forth in R.C.2929.12.
 {¶ 19} Although, as appellant points out, this was her first felony conviction, appellant admitted in her statements to police that this was not the first time that she had engaged in selling crack cocaine and that she had previously engaged in this conduct approximately ten times.
 {¶ 20} We cannot find that the trial court erred in this case in imposing a definite prison term of four years. Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 21} For all of the foregoing reasons, the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
[1] BCII's previously-used formula, which required a "square root" analysis, had only a 20 percent probability accuracy, rather than the 95 percent probability accuracy afforded by the hypergeometric rule. *Page 1