OPINION
This is a timely appeal from a judgment entry of the Jefferson County Court of Common Pleas sentencing Appellant, Charles Eakle, to an aggregate prison term of sixty-six months following his guilty plea to an array of theft and drug offenses. For the foregoing reasons, the trial court decision is affirmed.
On September 8, 1995, the Jefferson County grand jury issued a 95-count indictment charging Appellant with committing a string of crimes between July 10, 1999 and August 10, 1999. Pursuant to a plea agreement, Appellant subsequently pled guilty to 18 of the 95 counts, and the prosecution dismissed the remaining charges. The counts to which Appellant pled are summarized briefly as follows: Counts 1-3 address a burglary and theft of a firearm in violation of R.C. § 2911.12, 2923.11 
2913.02(A). Count 5 charged grand theft of another firearm. Counts 7-10 charged illegal possession of drug documents in violation of R.C. §2925.23(C)(2). In this case the drug documents were prescription pads that Appellant had stolen from his doctor. Counts 49-52 charged Appellant with deception to obtain dangerous drugs when he used the stolen prescription pads to obtain drugs, namely Vicodin, in violation of R.C. § 2925.22. Counts 91-95 involved the possession of drugs in violation of R.C. § 2925.11(A) and complicity in the trafficking of those drugs, prohibited under R.C. Sections 2925.03(A) and 2923.03.
At sentencing, the trial court treated the counts to which Appellant entered guilty pleas as four separate criminal transactions. The sentencing on those four are as follows:
 Eighteen months in prison for each of Counts 1 and 2 and six months on count 3, to be served concurrently with each other but consecutively to all other counts;
 Eighteen months in prison for Count 5 to be served consecutive to all other counts;
 Twelve months in prison on Counts 7, 8, 9, 10, 49, 50, 51, and 52 to be served concurrently with each other but consecutively to all other counts;
 Eighteen months in prison for each of Counts 91, 92, 93 and 94 to be served concurrently with each other but consecutively to all other counts.
In total, the trial court imposed a prison term of sixty-six months.
The trial court sentenced Appellant to the maximum prison term authorized for these offenses. In each group of convictions arising from a single transaction, Appellant was sentenced to the maximum sentence for the highest degree of offense. Therefore, Appellant has an appeal of right to this Court under R.C. § 2953.08(A)(1)(b).
In his sole assignment of error, Appellant urges that:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED THE DEFENDANT TO THE MAXIMUM SENTENCE PROVIDED BY LAW IN CONTRAVENTION OF OHIO REVISED CODE SECTIONS 2929.11 AND 2929.13."
Appellant maintains his sentences were excessive under the circumstances and that, in imposing maximum sentences, the trial court exceeded its authority under R.C. § 2929.11 and 2929.13.
According to Appellant, R.C. § 2929.14 bars a trial court from imposing a maximum term of incarceration unless: (1) the offender committed the worst form of the offense; (2) the offender poses the greatest likelihood of committing future crimes; or (3) the maximum term is required by law. Appellant maintains that in his case the maximum terms were excessive.
Appellant directs this Court to several mitigating factors which, he claims, militate against the imposition of maximum sentences. Appellant states that he has never served a prison sentence and that the offenses in this case did not involve violence or the threat of violence. (Tr. p. 6). Appellant also states that he had no adult criminal record, that he admitted to a drug and alcohol problem and that he received a favorable valuation from Eastern Ohio Correctional Institute. (Tr. pp. 8-9). Appellant also points to a history obviously lacking in parental guidance and supervision. (Tr. p. 18).
Based on our review of the record here, Appellant's assignment of error is meritless.
Under R.C. § 2953.08(G), a reviewing court entertaining the appeal of a felony sentence may modify the sentence or elect to vacate it and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds, "(a) [t]hat the record does not support the sentence; [or] * * * (d) [t]hat the sentence is otherwise contrary to law." Therefore, this Court must examine Appellant's sentence and determine whether the sentence is warranted given the record or whether it otherwise runs contrary to law. State v. Roth (1999),133 Ohio App.3d 578, 581; R.C. § 2953.08(G)(1)(a) (d).
In determining the appropriate sentence to impose in a felony case, the trial court must take into account the overriding purposes of felony sentencing. Under R.C. § 2929.11, those purposes are punishing the offender and protecting the public from future crimes. R.C. §2929.11(A). To achieve those interests, the sentencing court must, "* * * consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. § 2929.11(A). Furthermore, "[a] sentence imposed for a felony shall be * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim * * *." R.C. §2929.11(B).
Ohio's felony sentencing guidelines highlight two categories of concerns that should drive the court's sentencing determination: seriousness factors and those relating to recidivism. The court may also consider any other relevant facts relating to these categories to the extent they are helpful in achieving the overriding purposes and principles of felony sentencing. R.C. § 2929.12(A); Roth, supra, at 581-582.
The seriousness factors enumerated in R.C. § 2929.12 take one of two forms; those that tend to make an offense more serious than that which normally constitutes the offense and those that tend to make an offense less serious. The factors that make an offense more serious are enumerated under R.C. § 2929.12(B). They are:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion."
The factors that make an offense less serious are enumerated under R.C. § 2929.12(C). They are:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
The factors relating to the likelihood of recidivism are enumerated under R.C. § 2929.12(D). They are:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, * * * or under post-release control * * * for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense."
Factors indicating that recidivism is not likely are enumerated under R.C. § 2929.12(E). They are:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 "(4) The offense was committed under circumstances not likely to recur.
"(5) The offender shows genuine remorse for the offense."
For those offenders who have not been in prison before, there is a presumption under R.C. § 2929.14(B) favoring the imposition of the shortest prison term authorized. The sentencing court may not impose the longest or maximum prison term authorized unless the offender has committed the worst form of the offense, the offender poses the greatest likelihood of committing future crimes, the offender is a major drug offender or the offender is a repeat violent offender. R.C. §2929.14(C). Moreover, when imposing a maximum sentence, as here, the court must specify its underlying reasons for doing so. R.C. §2929.19(B)(2)(e).
In the present matter, the record supports the sixty-six-month sentence that the trial court imposed and this sentence is not otherwise contrary to law. In its sentencing entry, the court stated that it had considered the record, oral statements, impact on the victims, the presentence report, the purposes and principles of sentencing under R.C. §2929.11 and that it balanced the seriousness and recidivism factors under R.C. § 2929.12.
The trial court is not required to make specific findings regarding each and every factor upon which it relies in fashioning an appropriate sentence. State v. Arnett (2000), 88 Ohio St.3d 208, 215. The court would have satisfied its duty had it done nothing more than recite the factors by rote. Id.
In providing a judgment entry carefully detailing the various factors underpinning its decision to impose maximum sentences, the trial court went well beyond the mere recitation of factors contemplated in Arnett. The transcript of proceedings further illustrate that the sentences were not imposed rashly. To the contrary, the record shows that the trial court imposed the sentences only after thoughtful consideration of all the factors presented.
Ultimately, though, the court concluded that Appellant, "* * * represents the highest possible risk of recidivism based upon his numerous incidences of prior criminal conduct and his repeated probation failures." (Jan. 28, 2000, Judgment Entry p. 4). While that conclusion, alone, justifies the imposition of maximum sentences, the court further concluded that a maximum sentence was warranted where the grand theft charge under Count 5 involved theft of a firearm, rendering it the worst possible form of the offense.
The record in this case demonstrates that before imposing the maximum sentence, the trial court correctly evaluated all of the relevant sentencing factors delineated under R.C. § 2929.12. Appellant's assignment of error is, therefore, meritless and the trial court's judgment is affirmed.
DONOFRIO, J. and DeGENARO, J., concurs.