No 13068

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JOHN ARTHUR HILL,

Defendant and Appellant.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable E Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellant:

Smith, Connor & Van Valkenburg, Missoula, Montana
Fred R Van Valkenburg argued, Missoula, Montana

For Respondent:

Edward McLean, Deputy County Attorney argued,
Missoula, Montana
Jock O. Anderson, Assistant Attorney General argued,
Helena, Montana

---

Submitted: April 20, 1976

Decided: MAY 24 1976

Filed: MAY 24 1976

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from the final judgment of conviction of one count of selling and one count of possession of marijuana and denial of a new trial by the district court, Missoula County.

There is little or no fact dispute in this matter. The relevant facts are that on February 5, 1975, one Edward Smith, an informant, contacted the sheriff's office in Missoula and advised that a drug transaction would be taking place at his home. The sheriff established surveillance at Smith's home.

Alvin Kennedy, who was a principal in the crime with defendant Hill, dealt with the informant who expressed a willingness to purchase $2,000 work of drugs. Kennedy drove to Hill's home, obtained a one pound sample of marijuana and produced the same at Smith's home. On direction of a surveillance officer, Smith agreed to purchase fourteen additional pounds of marijuana. Thereafter, Kennedy made arrangements with defendant Hill and reported back to the Smith residence that the balance of the drugs would be delivered in one-half hour and described the vehicle and a person named John. At this time Kennedy was placed under arrest.

At the appointed time the described vehicle appeared and defendant got out in front of the residence next door to Smith's. Smith called out "bring the stuff over here" and defendant grabbed a knapsack and set of scales wrapped in a brown bag from his vehicle, and entered Smith's house. He went to a table and deposited the knapsack. No words were exchanged and defendant was placed under arrest. Subsequent to his arrest defendant was given the "Miranda" warning and signed a statement to that effect.

After defendant's initial appearance before the court and prior to conference with the public defender, he was interrogated by members of the sheriff's department. Defendant made a statement that was used against him at trial. A motion to suppress was denied.

Trial was had before a jury and a verdict of guilty on both counts was returned on May 5, 1975. Defendant appeals from the final judgment and denial of his motion for a new trial.

Defendant presents five issues to this Court for review:

1. Whether the statement of defendant made subsequent to arrest was improperly admitted into evidence over defendant's objections and motion to suppress.

2. Whether defendant was improperly convicted of felony possession of marijuana in light of the state's evidence that less than sixty grams were tested.

3. Whether the state had probable cause to arrest and search the defendant.

4. Whether there was insufficient evidence presented at the trial on which to base a conviction of criminal sale of dangerous drugs.

5. Whether the trial court erred in refusing to give defendant's proposed instructions on the definition of "offer".

Issue 1. We are well aware of the federal and state cases cited by both parties which had to do with the voluntary nature of admissions or confessions of this kind. The problem here becomes one of fact. Was the admission prompted by hope that cooperation might achieve consideration by the prosecution or by a promise that cooperation would achieve the same consideration? The district court made the fact determination and denied the motion to suppress. This Court finds sufficient, credible evidence in the record to support that determination.

Issue 2. We find no merit in the argument made in support of Issue 2. There is no expert testimony in the record to support the theory that a random sample from each of the fifteen one pound packages was insufficient to support the conclusion that there was in fact fifteen pounds of marijuana and therefore the required amount, in excess of 60 grams, to support a felony charge.

Issues 3, 4, and 5, can be determined by an examination of Issue 5.

Defendant maintains the trial court abused its discretion in refusing defendant's proposed Instructions 3,4,5, and 6 on the court's own motion. These instructions were definitions of the word "offer" and did not cover the elements required in the crime of offering to sell, already given by the court in its Instructions 9 and 10. In any event, there were no objections to the giving of Instructions 9 or 10 by the defendant or to the refusal of defendant's proposed Instructions 3,4,5 and 6 placed in the record. Reading the instructions as a whole we find the jury was properly instructed and the case fairly tendered to the jury. State v. Watson, 144 Mont. 576, 398 P.2d 949.

Defendant argues no offer was made to sell the drugs and therefore no probable cause existed to arrest the defendant. Probable cause to arrest without a warrant exists where the facts and circumstances <u>within the officer's knowledge and of which he had reasonably trustworthy information</u> are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. State v. Armstrong, 149 Mont. 470, 428 P.2d 611. These facts were within the officer's knowledge at the time of the arrest:

a) Alvin Kennedy had arranged with informant Edward Smith to supply an illegal drug.

b) That Kennedy said he was dealing with another person in getting the drugs.

c) That Kennedy had in fact already supplied Smith with one pound of marijuana and was arranging for the delivery of the other fourteen pounds.

d) That Kennedy had driven to a residence at 2229 River Road while in the process of arranging delivery of the drugs.

- 4 -

e) While at 2229 River Road, Kennedy made contact with a second person and together they drove to a phone booth where this second person was seen wearing a dark bulky coat and dark pants and appeared to have a beard.

f) That Kennedy stated the drugs would be delivered in one-half hour and would be transported by an older model dark pickup with a homemade camper on the back.

g) That the above described vehicle did in fact arrive at the appointed time.

h) That the man departing that vehicle appeared to be the same person who was contacted by Kennedy previously and who made the phone call.

i) That when the informant called to this man to come over and to "bring the stuff" the man took a knapsack and a brown sack from the truck and entered the house.

j) That when this man entered the house the arresting officer saw what appeared to be a scale protruding from the sack.

There is no doubt these facts and circumstances clearly meet the requirements set out in Armstrong.

In regard to the lack of an offer to sell raised by defendant, the law in regard to the necessary elements needed to sustain a conviction for "offering to sell" was correctly stated in court's Instruction 9. That instruction describes the law as stated in People v. Mann, 27 Ill.2d 135, 188 N.E.2d 665, where the court held that the two elements necessary for conviction of this crime were (1) the specific intent to make an offer to sell a narcotic, and (2) a direct act done toward the making or expression of the offer to another. In further explanation, that court held there must be shown a specific intent to sell.

In addition to the circumstances already set forth in relation to probable cause, direct testimony by Kennedy establishes that

defendant provided the one pound sample which Kennedy gave to Smith. His testimony also establishes that defendant agreed to provide another fourteen pounds and they made arrangements as to how and when defendant would be paid. In addition, defendant himself admitted it was his intention to sell the drugs pursuant to his arrangement with Kennedy. This admission was admitted into evidence.

The record reveals sufficient credible evidence to support the verdict of the jury.

The judgment of the district court is affirmed.

_____
Justice.

We Concur:

_____

_____

Justices

_____
Hon. M. James Sorte, District Judge, sitting for Chief Justice James T. Harrison.