STATE of Tennessee, Appellee,

v.

Earlie H. SELPH, Jr., Appellant.

No. 80–221–III.

Court of Criminal Appeals of Tennessee, Nashville.

Aug. 7, 1981.

Permission to Appeal Denied by Supreme Court,

Oct. 13, 1981.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Scott Williams, Asst. Dist. Atty. Gen., Nashville, for appellee.

William Porter, Charles R. Ray, Nashville, for appellant.

## OPINION

WALKER, Presiding Judge.

The appellant, Earlie H. Selph, Jr., was convicted in the Criminal Court of Davidson County of selling over 200 grams of methaqualone in violation of TCA 52–1432(c)(1)(H), supp. 1980, and selling phencyclidine in violation of TCA 52–1432(a)(1)(C). In accordance with the verdict, the appellant was sentenced to 15 years' imprisonment and not less than three nor more than five years' imprisonment, respectively. The trial judge ordered concurrent sentences and now Selph appeals to this court.

■ In the first issue presented for review, the appellant attacks the sufficiency of the convicting evidence. The appellant, however, does not contest the fact that he sold both methaqualone and phencyclidine. Instead he merely challenges the finding that he commited a Class X crime, TCA 52–1432(c)(1), by selling over 200 grams of methaqualone.

The state's proof, which the jury accredited, showed that on December 13, 1979, the appellant sold a large quantity of tablets which appellant represented to be 5000 high quality quaaludes and one ounce of phencyclidine, P.C.P., to an undercover officer for $15,000. A forensic chemist tested five of the quaalude tablets and found each to contain methaqualone. Although no scientific tests were conducted to determine what percentage of the quaalude tablets contained methaqualone, the total weight of the tablets was 3,824 grams. In addition, the forensic chemist testified that the tablets she tested each appeared to have approximately 300 milligrams of methaqualone in them. She later testified that the total weight of the methaqualone was at least 1140 grams.

Viewing the evidence in a light most favorable to the state, we find the evidence sufficient to justify a rational trier of fact in finding appellant guilty of selling over 200 grams of methaqualone beyond a reasonable doubt. Rule 13(e), T.R.A.P.; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Next, the appellant challenges the constitutionality of TCA 52–1432(c).

First, the appellant contends that the statute violates due process in that it does not provide for a bifurcated trial and it sets out no standards for the jury to use in considering the length of punishment to impose. The appellant cites numerous capital punishment cases, none of which have any relationship to a statute such as TCA 52–1432(c). These contentions are without merit.

Second, the appellant contends that the statute violates equal protection principles in that it creates an unwarranted disparity of treatment between major and minor drug traffickers. We think that a compelling state interest is served by this classification and, thus, we find no violation of equal protection.

Third, the appellant contends that the possible imposition of a life sentence for a large scale narcotic violation is per se cruel and unusual punishment. We disagree. Cf. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). The issues challenging the constitutionality of TCA 52–1432(c) are without merit.

The appellant next contends that the Class X Felonies Act of 1979 (1979 Tenn. Pub.Acts, ch. 318) is unconstitutional in that it precludes admission to bail of a criminal defendant pending appeal of a conviction for a Class X felony. This issue is obviously without merit. *Swain v. State*, 527 S.W.2d 119 (Tenn.1975).

The appellant's last issue presented for review is a complaint that TCA 52–1410 constitutes an improper delegation of power by the legislature. This issue is likewise without merit. *State v. Edwards*, 572 S.W.2d 917 (Tenn.1978).

Affirmed.

TATUM, J., and JAMES L. WEATHERFORD, Special Judge, concur.