THE STATE OF OHIO, APPELLEE, *v.*
MATTOX, APPELLANT.

(No. 83 CA 08—Decided
November 18, 1983.)

*Mr. Phillip S. Schneider,* prosecuting
attorney, for appellee.
*Mr. Gerald L. Anderson,* for appellant.

BROGAN, P.J. Defendant, Steve Mattox, was indicted on one count of aggravated trafficking in violation of R.C. 2925.03(A)(5) and (C)(5). Following defendant's waiver of his right to a jury trial, a trial to the court was conducted resulting in his conviction. The defendant was subsequently sentenced to a term of from four to fifteen years incarceration in the Ohio State Reformatory. From that judgment defendant filed a timely notice of appeal and set forth a single assignment of error. Appellant maintains:

"The trial court erred in finding defendant guilty under O.R.C. Section 2925.03(A)(5) and (C)(5) when the quantity amount of drugs involved had not been proven to exceed the bulk amount."

The defendant was arrested in November 1982, following a sale of ten purple tablets to narcotics agent Daryl Henderson. These tablets were delivered to the Springfield Regional Crime Laboratory where Timothy Shepherd, a forensic criminalist, conducted a representative sampling on five of the pills. Shepherd testified that his extensive testing of these five tablets revealed that they each contained the drug lysergic acid diethylamide ("LSD"). Shepherd conducted no tests on the remaining five tablets marked State's Exhibit 2.

Appellant maintains the state's failure to conduct a test of each tablet was fatal to meeting its burden of proving every element of the crime charged beyond a reasonable doubt. He argues the state failed to sufficiently establish the quantity of LSD required under R.C. 2925.03(A)(5). This provision states:

"(A) No person shall knowingly do any of the following:

"* * *

"(5) Sell or offer to sell a controlled substance in an amount *equal to* or exceeding the *bulk amount* but in an amount less than three times that amount." (Emphasis added.)

It is appellant's position the state failed to sufficiently prove that defendant sold an amount equal to or exceeding the bulk amount as required.

"Bulk amount" as applied to LSD is defined at R.C. 2925.01(E)(6) as:

"An amount equal to or exceeding one gram *or* ten unit doses of a compound, mixture, preparation, or sub-

stance which is, or contains any amount of, lysergic acid diethylamide, lysergic acid amide, or tetrahydrocannabinol;" (Emphasis added.)

This provision uses the disjunctive "or" between the weight description and the dosage description. The plain meaning clearly indicates the state is required to prove either weight or dosage, but not both. *State v. Howell* (1981), 5 Ohio App. 3d 92.

The trial court's judgment convicting the defendant clearly indicates the court found that, based upon the unit dose concept, the state did prove guilt beyond a reasonable doubt. Appellant challenges this finding on the grounds (1) that the representative sampling method of testing the tablets was inadequate to prove beyond a reasonable doubt that all ten tablets contained LSD, and (2) that the state failed to prove what a unit dose of lysergic acid diethylamide would be. We disagree.

The random sampling method of testing challenged by the appellant has previously been upheld in this court on various occasions. See *State v. Olding* (July 1, 1982), Montgomery App. No. 7552, unreported; *State v. Abney* (May 4, 1981), Greene App. No. 1157, unreported; *State v. Tata* (April 6, 1981), Greene App. No. 1134, unreported. We are not inclined to reject these prior decisions. In this case, like those cited above, a reasonable inference that all the seized contraband contained the same controlled substance as that tested was not rebutted. The random test conducted and approved by this court as admissible evidence, see *State v. Tata, supra,* was substantial evidence from which under the circumstances the court could properly conclude beyond a reasonable doubt that all ten tablets contained LSD. See *State v. Abney, supra.*

R.C. 2925.01(F) defines "unit dose" as:

"* * * an amount or unit of a compound, mixture, or preparation containing a controlled substance, such amount or unit being separately identifiable and in such form as to indicate that it is the amount or unit by which the controlled substance is separately administered to or taken by an individual."

The Twelfth Appellate District in *State v. Harris* (Dec. 22, 1982), Clermont App. Nos. 1137-1140, unreported, construed this provision when confronted with a challenge as to the meaning of unit dose similar to the challenge presented in this matter. The *Harris* court also involved a drug violation involving tablets containing LSD. The court stated at page 4:

"'We believe that each blue tablet containing LSD is 'separately identifiable and in such form as to indicate that it is the amount or unit by which the controlled substance is separately administered to or taken by an individual.' We do not believe that expert testimony is necessary to establish that the tablets are in a form which indicates that each blue tablet is a unit by which the LSD is separately administered or taken by an individual."

The court further went on to conclude at page 5 that:

"The tabletary form of the evidence itself allows the trier of fact to reasonably infer that the blue tablet is the 'unit by which the controlled substance is separately administered to or taken by an individual.' Expert testimony is not required on the subject."

We are persuaded by the rationale of this decision and shall apply it to the case *sub judice.*

The uncontradicted testimony at trial conclusively established that ten purple tablets were sold to the undercover narcotics agent by the defendant. As the trier of fact (the trial judge herein) was permitted to reasonably infer each tablet was a unit dose, there was sufficient evidence to conclude beyond a reasonable doubt that ten unit doses were sold. This quantity is equal to the "bulk amount" as defined in R.C. 2925.01(E)(6).

For the above-mentioned reasons ap-

pellant's single assignment of error is hereby overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WILSON and WEBER, JJ., concur.