[No. 26923-2-I.   Division One.   July 20, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. GUMERCINDO CALDERA, *Appellant.*

*Mary Jane Ferguson* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Catherine Shaffer, Deputy,* for respondent.

BAKER, J. — Gumercindo Caldera appeals his conviction for delivery of 10 ounces of cocaine arguing that the random scientific testing of a portion of the substance he delivered was insufficient to find the entire quantity was cocaine. He also disputes the court's finding that 10 ounces were delivered, arguing that the record establishes that only 9 ounces were delivered. Finally, Caldera appeals the imposi-

tion of an exceptional sentence and argues that the sentence is excessive. We find no error, and affirm.

## I

■ During an undercover operation, Caldera delivered several plastic bags containing a white powdery substance believed to be cocaine to undercover officers. A forensic expert visually inspected the substance in each of the plastic bags and testified that the bags all appeared alike and each contained a similar amount of the white powdery substance. She randomly selected one bag for scientific testing. It tested positive as cocaine. Based on this random sampling, the trial court found that all the bags contained cocaine. Caldera argues that random sampling is insufficient to identify the entire quantity as an illegal drug. We disagree and hold that the scientific testing of a random portion of a substance that is consistent in appearance and packaging is reliable and supports a finding that the entire quantity is consistent with the test results of the randomly selected portion. Other state and federal courts have held likewise.[1]

---

[1] Other state and federal courts approving of random sampling to support a finding that the entire quantity is a certain drug include: *United States v. Johnson*, 944 F.2d 396, 405 (8th Cir.) (random testing of 43 grams out of 87.2 grams sufficient to support finding that at least 50 grams of cocaine were involved in the offense), *cert. denied*, ___ U.S. ___, 116 L. Ed. 2d 663, 112 S. Ct. 646 (1991); *Mullins v. State*, 277 Ark. 93, 94, 639 S.W.2d 514, 515 (1982) (random testing of 10 out of 100 tablets sufficient to find all tablets methaqualone); *Means v. State*, 188 Ga. App. 210, 210-11, 372 S.E.2d 484, 485-86 (1988) (random testing of 20 out of 120 baggies and grinding of all the contents of bags together for additional testing reasonable to conclude entire quantity cocaine); *State v. O'Bryan*, 96 Idaho 548, 556, 531 P.2d 1193, 1201 (1975) (random testing of 10 percent was sufficient to find entire package was marijuana); *State v. Ballom*, 562 So. 2d 1073, 1075 (La. Ct. App. 1990) (random testing of 4 out of 1,095 bags reasonable to find all 1,095 contained cocaine), *writ denied*, 575 So. 2d 386 (La. 1991); *Commonwealth v. Shea*, 28 Mass. App. Ct. 28, 33, 545 N.E.2d 1185, 1189 (1989) (random testing of five out of nine bags of cocaine sufficient to uphold conviction), *review denied*, 406 Mass. 1103, 548 N.E.2d 887 (1990); *State v. Hill*, 170 Mont. 71, 74, 550 P.2d 390, 392 (1976) (random sample from each of 15 bags sufficient to establish all bags contained marijuana); *State v. Hayes*, 291 N.C. 293, 301-02, 230 S.E.2d 146, 151-52 (1976) (random testing of 5 out of 19 envelopes sufficient evidence to go to jury on question whether all 19 envelopes

## II

The forensic expert testified that the total weight of all the plastic baggies of cocaine was 276.8 grams or about 9 ounces. The trial court's finding that 10 ounces were delivered was thus erroneous. However, an erroneous finding of fact not materially affecting the conclusions of law is not prejudicial and does not warrant a reversal. *In re Estate of Bailey*, 178 Wash. 173, 176, 34 P.2d 448 (1934). The trial court's erroneous finding does not materially affect the conclusions of law and therefore is harmless error.

## III

Caldera's appeal from the exceptional sentence is tied to his argument against random testing. An exceptional sentence was imposed because the drug transaction involved a large quantity of cocaine and as such was a "major violation" under RCW 9.94A.390(2)(d). The initial transaction was for 18 to 19 ounces of cocaine in exchange for $16,000. Caldera argues that because only 1 ounce was tested, his conviction should be for delivery of only 1 ounce of cocaine and his exceptional sentence should be reversed. Our holding approving random scientific testing disposes of this argument.

The fact that only 9 ounces was actually delivered, rather than the negotiated amount of 19 ounces, does not diminish the size of the intended transaction. The appellant received $16,000 in payment for 19 ounces. It was appropriate for the trial court to consider the negotiated amount and the amount delivered as being part of the same transaction. In *State v. Gunther*, 45 Wn. App. 755, 727 P.2d 258 (1986), *review denied*, 108 Wn.2d 1013 (1987), this court upheld an exceptional sentence of 24 months, double the presumptive

contained marijuana); *State v. Mattox*, 13 Ohio App. 3d 52, 53, 468 N.E.2d 353, 355 (1983) (random testing of 5 out of 10 tablets sufficient to find all 10 tablets were LSD); *Brooks v. State*, 438 P.2d 25, 27 (Okla. Crim. App. 1968) (random testing of 1 out of 13 to 15 tablets sufficient to find all tablets morphine under the circumstances); *Commonwealth v. Perez*, 397 Pa. Super. 574, 578-80, 580 A.2d 781, 783-84 (1990) (random testing of 2 out of 20 packets of cocaine sufficient to find all 20 cocaine); *State v. Selph*, 625 S.W.2d 285, 286 (Tenn. Crim. App. 1981) (random testing of 5 out of 5,000 tablets sufficient to find appellant guilty of selling over 200 grams of methaqualone).

range of 12 to 14 months, based on the trial court's findings that the defendant negotiated for the sale of half a pound of cocaine but actually delivered only a quarter pound. The trial court found the negotiation and delivery were part of one transaction and that the size of the transaction justified an exceptional sentence.[2] Likewise, in Caldera's case the size of the transaction justifies an exceptional sentence.

■ Once an appellate court determines that an exceptional sentence is justified, it will overturn the sentence only upon a showing of abuse of discretion. *State v. Mejia*, 111 Wn.2d 892, 902, 766 P.2d 454 (1989) (citing *State v. Oxborrow*, 106 Wn.2d 525, 530-31, 723 P.2d 1123 (1986)). Appellant's standard range was 21 to 27 months. He received an exceptional sentence of 48 months due to the large size of the drug transaction. We find no abuse of discretion.

Affirmed.

WEBSTER, A.C.J., and AGID, J., concur.

---

[2]The trial court stated:

"The deal which constitutes the offense involved negotiations for the sale of one-half pound of cocaine. Only one-quarter pound was actually transferred prior to the arrest. The cocaine's wholesale value was $17,000 and its street value was $80,000." *Gunther*, 45 Wn. App. at 757. We affirmed this finding.