# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | | |
|---|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68414-1-I | |
| Respondent, | ) | | |
| | ) | DIVISION ONE | |
| v. | ) | | |
| | ) | | |
| JERRY L. JAMISON, | ) | UNPUBLISHED OPINION | |
| | ) | | |
| Appellant. | ) | FILED: ___OCT 1 4 2013___ | |

PER CURIAM. — Jerry Jamison appeals the sentence imposed following his conviction for possession of a controlled substance. He contends the court's boilerplate finding that he "has the ability or likely future ability to pay the legal financial obligations imposed" is not supported by the record. He does not challenge the financial obligations imposed by the court – i.e., the victim's penalty assessment and DNA collection fee – but instead seeks only to strike the court's finding regarding his ability to pay. Assuming without deciding that this argument can be raised for the first time on appeal, we conclude the finding is immaterial and affirm.

The trial court is not required to enter findings regarding a defendant's ability to pay before it orders the defendant to pay financial obligations. State v. Blank, 131 Wn.2d 230, 241-42, 930 P.2d 1213 (1997); State v. Curry, 118 Wn.2d 911, 916, 829 P.2d 166 (1992). The proper time for findings "is the point of collection and when sanctions are sought for nonpayment." Blank, 131 Wn.2d at 241-42; State v. Crook, 146 Wn. App. 24, 189 P.3d 811 (2008). While sentencing courts must consider the defendant's financial

situation before imposing non-mandatory costs, see RCW 10.01.160(3),[1] State v. Baldwin, 63 Wn. App. 303, 308-12, 818 P.2d 1116 (1991), State v. Bertrand, 165 Wn. App. 393, 404, 267 P.3d 511 (2011), review denied, 175 Wn.2d 1014 (2012), such consideration is not necessary at sentencing when, as here, the financial obligations imposed are mandatory. See e.g., State v. Thompson, 153 Wn. App. 325, 336-38, 223 P.3d 1165 (2009) (DNA fee is mandatory and imposed regardless of hardship); State v. Williams, 65 Wn. App. 456, 460-61, 828 P.2d 1158 (1992) (victim penalty assessment "is mandatory and requires no consideration of a defendant's ability to pay" at sentencing); Curry, 62 Wn. App. 676, 682-83, 814 P.2d 1252 (1991); RCW 43.43.690(1) ("the court shall levy a crime laboratory analysis fee . . . ."). In these circumstances, the challenged finding is immaterial and does not warrant relief. State v. Caldera, 66 Wn. App. 548, 551, 832 P.2d 139 (1992).

Affirmed.

For the court:

_____Cox, J_____

_____Spearman, J._____          _____Leach, C. J_____

---

[1] RCW 10.01.160(3) provides: "The court shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."