# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69961-0-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| EDWARD FULTON, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: February 10, 2014 |

PER CURIAM — Edward Fulton appeals the sentence imposed following his guilty pleas to reckless endangerment, attempting to elude a pursuing police vehicle, second degree malicious mischief, and third degree malicious mischief. He contends the court's boilerplate finding that he "has the present or likely future ability to pay the legal financial obligations imposed" is not supported by the record. He does not challenge the financial obligations imposed by the court— i.e., the victim's penalty assessment and DNA collection fee—but instead seeks only to strike the court's finding regarding his ability to pay. Because Fulton did not raise this issue below, he is barred from raising it for the first time on appeal. State v. Calvin, 176 Wn. App. 1, 302 P.3d 509 (2013).

Even if the argument could be raised, the challenged finding is immaterial and thus provides no basis for relief. A trial court is not required to enter findings regarding a defendant's ability to pay before it orders the defendant to pay financial obligations. State v. Blank, 131 Wn.2d 230, 241-42, 930 P.2d 1213 (1997); State v. Curry, 118 Wn.2d 911, 916, 829 P.2d 166 (1992). The proper time for findings "is the point of collection and when sanctions are sought for nonpayment." Blank, 131 Wn.2d at 242; State v. Crook, 146 Wn. App. 24, 189

P.3d 811 (2008). While sentencing courts must consider the defendant's financial situation before imposing non-mandatory costs, see RCW 10.01.160(3), State v. Baldwin, 63 Wn. App. 303, 308-12, 818 P.2d 1116 (1991), such consideration is not necessary at sentencing when, as here, the financial obligations imposed are mandatory. See e.g., State v. Thompson, 153 Wn. App. 325, 336-38, 223 P.3d 1165 (2009)(DNA fee is mandatory and imposed regardless of hardship); State v. Williams, 65 Wn. App. 456, 460, 828 P.2d 1158 (1992)(victim penalty assessment "is mandatory and requires no consideration of a defendant's ability to pay" at sentencing); Curry, 62 Wn. App. 676, 682-83, 814 P.2d 1252 (1991); RCW 43.43.690(1) ("the court shall levy a crime laboratory analysis fee. . . ."). In these circumstances, the challenged finding is immaterial surplusage and does not warrant relief. State v. Caldera, 66 Wn. App. 548, 551, 832 P.2d 139 (1992).

Fulton's pro se Statement of Additional Grounds for Review fails to articulate any additional basis for relief.

Affirmed.

For the court:

_____

_____

_____

- 2 -