# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73294-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAHADI ABDULLAHI SHIRE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 10, 2016 |
| | ) | |

VERELLEN, C.J. — Mahadi Shire appeals his conviction for possession of cocaine, challenging the trial court's denial of his motion to suppress. But substantial evidence supports the trial court's finding that law enforcement officers saw Shire committing a civil infraction, so the officers were justified in detaining Shire long enough to identify him and then to arrest him when the identification revealed two outstanding warrants for Shire's arrest. We affirm.

## FACTS

On October 1, 2013, Seattle law enforcement Officers Escalante and Beatty were on patrol when Escalante saw Shire sitting in front of a gas station parking lot drinking what appeared to be an alcoholic beverage. Escalante testified that he was accustomed to patrolling in the area where Shire was sitting because people tended to buy alcohol from the gas station and drink it nearby. Escalante testified that he knows what a container of alcohol looks like and that he saw Shire drinking from a 24-ounce

"high tops" can. Beatty also saw Shire drinking from a can that he recognized as beer, contained at least partially in a bag. He testified that he recognized the can as beer because, based on his training and experience, a can of that size and shape, partially contained in a bag, was likely to contain alcohol. Neither officer could read the label. The officers were somewhere between 20 and 50 yards from Shire when they saw him drinking.

Once the officers saw Shire drinking alcohol, Escalante made a U-turn with his vehicle, and both officers got out of the car and approached Shire. Within Beatty's earshot, Shire asked Escalante if he was contacting him "about the beer."[1] Escalante said, "Yes" and told Shire not to run.[2] Shire began to run away and ran across six lanes of traffic before Escalante caught up with him.

Escalante detained Shire, told him to sit on the curb, and asked for his identification. Shire identified himself as "Liban Shire," but said he did not have any identification with him to verify that name. Escalante put the name and date of birth Shire provided into the law enforcement database, but the information Shire provided was inconsistent with information in the database.

Shire had made some comments about being assaulted in the past. When Escalante checked the database, he learned the Liban Shire had been charged with assaulting his brother with a knife and his brother now had a scar on his face. Escalante identified Shire by the scar on his face. At that point, Shire admitted to lying

---

[1] Report of Proceedings (Feb. 4, 2015) at 35.

[2] Id.

about his name. Escalante ran Shire's correct name and date of birth in the database and learned that Shire had two outstanding warrants for his arrest.

Shire was placed under arrest and read his Miranda rights.[3] During a search incident to arrest, Beatty found crack cocaine in Shire's pocket. Shire was charged with one count of Violation of the Uniform Controlled Substances Act.[4] He filed a motion to suppress, which was denied. A jury convicted Shire of the possession charge. He appeals the denial of his motion to suppress.

## ANALYSIS

When reviewing the trial court's denial of a motion to suppress, we review challenged findings of fact for substantial evidence and determine whether the findings support the legal conclusions.[5] We review challenged conclusions of law de novo.[6]

Shire challenges five of the trial court's findings of fact. Where substantial evidence in the record supports the challenged facts, those facts are binding on appeal."[7] Substantial evidence is evidence sufficient "to persuade a fair-minded, rational person of the truth of the finding."[8] Credibility determinations are the prerogative of the trier of fact and are not subject to review.[9]

Shire challenges the trial court's factual finding that Escalante saw him drinking a beer. The trial court found that "Escalante observed a male drinking a 24 oz. Ice House

---

[3] Miranda v. Arizona, 384 U.S. 436, 86 Sup. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[4] Specifically, RCW 69.50.4013.

[5] State v. Garvin, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009).

[6] Id.

[7] State v. Hill, 123 Wn.2d 641, 647, 870 P.2d 313 (1994).

[8] Id. at 644.

[9] See id. at 646-47; State v. Camarillo, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

beer at the Chevron gas station as they passed by in their patrol vehicle."[10] The type of beer is immaterial to the trial court's conclusions of law,[11] and there is substantial evidence to support the trial court's finding that Shire was drinking a beer because both Escalante and Beatty testified that they saw Shire drinking a beer. In addition to that testimony, Shire asked Escalante, is this "about the beer?"[12] In asking that question, Shire implicitly acknowledged that he was in possession of alcohol.

Shire challenges this finding of fact because there was conflicting evidence as to whether the officers thought the can of alcohol was in a bag. He also notes the absence of evidence such as the beer can. However, the weighing of evidence, including any inconsistencies and matters of credibility, is for the trial court; we will not reweigh such matters on appeal.[13]

Shire also challenges portions of findings of fact 1 (f), (g), (m), and (q). All of these factual findings are supported by the testimony of Escalante and Beatty. Furthermore, none of the challenged findings are necessary to support the trial court's conclusions of law.[14] Shire concedes that he ignored Escalante's instruction not to run, so whether Shire was almost hit by two cars when he ran across six lanes of traffic and whether he apologized for running are irrelevant to any of the trial court's conclusions. Likewise, whether there were "multiple" warrants for Shire's arrest, as the trial court

---

[10] Clerk's Papers at 25, ¶ 1(b).

[11] State v. Caldera, 66 Wn. App. 548, 551, 832 P.2d 139 (1992) (A trial court's erroneous finding of fact that does not materially affect the conclusions of law is harmless.).

[12] State v. Bonds, 174 Wn. App. 553, 562, 299 P.3d 663 (2013) (recognizing that any unchallenged finding of fact is a verity on appeal).

[13] See Hill, 123 Wn.2d at 646-47; Camarillo, 115 Wn.2d at 71.

[14] Caldera, 66 Wn. App. at 551.

found, or whether there were two, as Shire and the State acknowledge, the officers would be justified in arresting him on these outstanding warrants.

Finally, Shire challenges the trial court's finding that the officers' testimony was credible, but the trial court was in the best position to evaluate the credibility of the officers' assertions.[15]

Once Escalante told Shire to sit on the curb, Shire did not feel free to leave, and the State concedes that he was seized at that time for purposes of the Fourth Amendment to the United States Constitution and article 1, section 7 of the Washington State Constitution.[16] In general, a warrantless seizure is per se unreasonable and violates both "the Fourth Amendment and article I, section 7 of the Washington State Constitution."[17] In order for a seizure to be legitimate, "it must be either (a) based on a reasonable suspicion of criminal activity, in accordance with Terry principles, or (b) a proper detention to issue a notice of a civil infraction."[18]

In an investigative detention, or Terry stop, an officer may briefly seize or detain a person for questioning based on "'specific and articulable facts giving rise to a reasonable suspicion that the person stopped is, or is about to be engaged in criminal

---

[15] See Camarillo, 115 Wn.2d at 71.

[16] State v. O'Neill, 148 Wn.2d 564, 574, 62 P.3d 489 (2003) ("[A] person is seized only when by means of physical force or a show of authority" that person's "freedom of movement is restrained and a reasonable person" would not feel free to leave or to decline the officer's request) (internal quotation marks omitted) (quoting State v. Young, 135 Wn.2d 498, 510, 957 P.2d 681 (1998)).

[17] State v. Duncan, 146 Wn.2d 166, 171, 43 P.3d 513 (2002).

[18] Id. at 173.

activity.'"[19] In State v. Duncan, the Court recognized that Terry does not apply when an officer is investigating a civil infraction.[20] Shire's detention was not in accordance with Terry principles but was instead "a proper detention to issue a notice of a civil infraction."[21]

In a detention to issue a notice of a civil infraction, the prevailing consideration is whether the officer acted within the scope of his statutory authority.[22] Pursuant to RCW 7.80.050(2), an enforcement officer may issue a notice of civil infraction "when the civil infraction occurs in the officer's presence."[23]

It is a civil infraction for a person to possess an open bottle or can containing liquor or to consume liquor in a public place.[24] Because Escalante and Beatty observed Shire possessing and drinking a can of alcohol and Shire asked Escalante if this was "about the beer" when he was approached, they had probable cause to believe Shire was committing the civil infraction of possessing an open can or consuming alcohol in public in their presence.

Shire contends that, even if the officers saw him committing the civil infraction of drinking or having an open container of alcohol in public, they did not have probable cause to detain him. We disagree.

---

[19] State v. Armenta, 134 Wn.2d 1, 10, 948 P.2d 1280 (1997) (quoting State v. Gleason, 70 Wn. App. 13, 17, 851 P.2d 731 (1993) (citing Terry v. Ohio, 392 U.S. 1, 21-22, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968))).

[20] 146 Wn.2d 166, 178, 43 P.3d 513 (2002).

[21] Id. at 173.

[22] See id. at 178-79.

[23] See id. at 178 (quoting RCW 7.80.050(2)).

[24] Seattle Municipal Code 12A.24.025, .150; RCW 66.44.100.

Under Washington law, when a civil infraction is committed in an officer's presence, the person committing the infraction must identify himself or herself to the officer by name, address, and date of birth, and the officer may request a reasonable identification such as a driver's license or identicard.[25] If the person is unable or unwilling to identify himself or herself, the officer may continue to detain that person "for a period of time not longer than is reasonably necessary to identify the person for purposes of issuing a civil infraction.[26]

Given that Escalante had probable cause to believe Shire was committing the civil infraction in his presence, he was justified in detaining him long enough to identify him.[27] Because Shire lied about his identity, which he concedes,[28] his detention lasted longer than it otherwise would have because additional time was "reasonably necessary to identify" him.[29]

Shire relies on the holding in Duncan as support for his contention that the officers were not justified in detaining him. Shire's reliance is misplaced. The officers in Duncan were not statutorily authorized to detain the defendant because a civil infraction was not committed in their presence.[30] The defendant was standing near a bottle of alcohol, but so were two other people, and the officers never saw the defendant touch the bottle.[31] Shire, however, committed a civil infraction in the presence of Escalante

---

[25] See RCW 7.80.50(2), .060.

[26] RCW 7.80.060.

[27] RCW 7.80.050(2), .060.

[28] Bonds, 174 Wn. App. at 562; CP 26(i)-(l).

[29] RCW 7.80.060

[30] Duncan, 146 Wn.2d at 179-82.

[31] Id. at 169, 182.

7

and Beatty. They were justified in detaining him while attempting to verify his identification.

Shire claims his detention of about 30 minutes was excessive. We disagree. As soon as Escalante verified Shire's correct name and date of birth, he learned about the outstanding warrants. Contrary to Shire's contention, it was the search incident to his arrest on the outstanding warrants that led officers to discovering the cocaine, not the extended detention.[32]

The trial court did not err in denying the motion to suppress. We affirm.

WE CONCUR:

Trickey, J.

Leach, J.

___

[32] State v. Brock, 184 Wn.2d 148, 154, 355 P.3d 1118 (2015) ("arresting officer has authority to search the arrestee's person and his or her personal effects").