Korsmo, J.
(dissenting) — For several reasons, I respectfully dissent from the majority’s ruling concerning the sufficiency of the evidence to support the two counts of delivery of marijuana to a child. First, the majority mistakenly adds an element to the delivery statute by incorporating a definition into the elements instruction. It then compounds the error by making the new element impossible to prove by (1) rejecting random sampling of any existing controlled substances and (2) requiring proof of the *874 quantity of THC[7] given a child in a case where the controlled substance in question has already been consumed. This approach conflicts with numerous cases from this court and the Washington Supreme Court.
¶29 The elements of the crime are found in RCW 69.50-.406(2), which makes it a class B felony for a person to deliver a controlled substance to a person under 18. Those elements were properly incorporated into jury instructions 20 and 21 that told the jury it had to decide whether Mr. Crowder knowingly delivered a controlled substance to each of the victims.[8] Clerk’s Papers at 154, 155. Notably, neither the statute nor the jury instruction required the State to prove the identity of the controlled substance.[9] Accordingly, the State never undertook to prove the identity of the controlled substance. State v. Hickman, 135 Wn.2d 97, 102, 954 P.2d 900 (1998).
¶30 The majority’s error is one that is recurring of late, largely because appellants frequently argue that the definitional components of an element are themselves elements of the charged crime. Some courts have failed to make the distinction, but appellate courts have regularly rejected these arguments. E.g., State v. Porter, 186 Wn.2d 85, 375 P.3d 664 (2016) (definition not element of offense); State v. France, 180 Wn.2d 809, 818-20, 329 P.3d 864 (2014) (definitions do not create new elements or alternative means of committing offenses); State v. Lorenz, 152 Wn.2d 22, 93 P.3d 133 (2004) (definition not an element of charged offense). We should be doing the same.
*875 ¶31 Due process simply requires evidence from which the jury could find each element of the crime was proven beyond a reasonable doubt. E.g., Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); State v. Green, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). There was ample evidence that the defendant delivered a controlled substance to the two boys. First, they both told jurors that they had been given marijuana, a substance with which they had some prior limited experience and which the instructions informed jurors was a controlled substance. Indeed, they had obtained a “five sack of weed” shortly before encountering Crowder. 2 Verbatim Report of Proceedings (Sept. 17, 2014) (VRP) at 277. The defendant himself told them the names of the varieties of “medical” marijuana he had in his collection, supplied the bong used, and prepared and shared the marijuana with the boys. The jury could reasonably take him at his own word. The boys described the effect of the marijuana on them, with at least one of the boys describing it as being more powerful than his previous experience. 2 VRP at 287. The boys knew what they were smoking, and the jury was free to credit the evidence that they consumed potent marijuana. Whether this court finds that evidence persuasive is an irrelevancy.
¶32 While that was sufficient for proving this charge, there was more evidence. The crime laboratory witness explained that the contents of one of the marijuana containers retrieved from the defendant’s collection was tested and determined to constitute marijuana. The majority agrees the testimony satisfied its new potency requirement, but then discounts the information because of concerns that the sample utilized for testing was not shown to be similar to the one given the boys by the defendant. This argument was long ago rejected by this court:
During an undercover operation, Caldera delivered several plastic bags containing a white powdery substance believed to be cocaine to undercover officers. A forensic expert visually inspected the substance in each of the plastic bags and testified *876 that the bags all appeared alike and each contained a similar amount of the white powdery substance. She randomly selected one bag for scientific testing. It tested positive as cocaine. . . . Caldera argues that random sampling is insufficient to identify the entire quantity as an illegal drug. We disagree and hold that the scientific testing of a random portion of a substance that is consistent in appearance and packaging is reliable and supports a finding that the entire quantity is consistent with the test results of the randomly selected portion. Other state and federal courts have held likewise.
State v. Caldera, 66 Wn. App. 548, 550 & n.1, 832 P.2d 139 (1992) (citing extensive supporting authority). The sampling here easily satisfied this standard. The boys testified that the containers were similar to the one that the marijuana they smoked came from, and the forensic witness indicated that the containers were similar. The majority’s complaint goes to the weight the jury would have given the testing, not its admissibility, if the argument had even been raised at trial. There being (understandably) no objection to the testimony at trial, this court does not get to discount the evidence. Even under the majority’s revised test, the evidence was sufficient.
¶33 Finally, the majority creates (and appears to admit that it has) an impossible standard to meet in delivery cases where the substance has been consumed. In a typical case, there is no remaining sample to be tested. Even if the victims had undergone urinalysis testing, it would not have provided any evidence of the drug”s potency. Indeed, the fact that the boys had smoked marijuana previously[10] would limit the ability of testing to confirm that they had used marijuana during their evening with Crowder.
¶34 This is one of the strongest cases of this type one will ever see, with the victims able to testify about what had happened and additional samples of the same drug found at *877 the place the victims told officers the sample they had consumed had originated. The majority is asking for an impossible standard of proof, even if one assumes that there are experts who can link the THC level of a drug to particular effects on the user, a fact not demonstrated in this record.
¶35 The delivery to a minor convictions should be affirmed.
Petition for review and respondent’s request for review denied at 188 Wn.2d 1003 (2017).

 Tetrahydrocannabinol.

 In many respects, this situation is similar to charging felony murder. While the predicate felony needs to be alleged, the elements of that felony are not themselves elements of the murder charge. E.g., State v. Kosewicz, 174 Wn.2d 683, 692, 278 P.3d 184 (2012).

 In most instances, the identity of the controlled substance is proven at trial because the punishment will differ depending on the identity and classification of the substance. That is not a concern for RCW 69.50.406(2), which applies to any controlled substance. RCW 69.50.406(1) treats delivery of narcotic drugs, methamphetamine, and flunitrazepam, as a class A felony.

 Z.H. consumed the “five sack’’ after he had consumed the marijuana supplied by the defendant, thus preventing any testing from linking the results specifically to Crowder. 2 VRP at 321.