# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49791-3-II |
| Respondent, | |
| v. | |
| TIMAR AKEEN DEGRAFFE, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Timar Degraffe appeals his exceptional sentence and discretionary legal financial obligations (LFOs). Degraffe asserts that (1) the sentencing court violated his federal Sixth Amendment right to a trial by jury and Fourteenth Amendment right to due process, (2) the rapid recidivism aggravating factor statute is unconstitutionally vague, and (3) the sentencing court improperly imposed discretionary LFOs. We affirm Degraffe's exceptional sentence, but we remand for the sentencing court to strike the discretionary LFOs.

## FACTS

### I. BACKGROUND FACTS

On May 26, 2015, 10 or 11 days after his release from prison, Degraffe robbed a bank and during his escape, stabbed William Uptmor, a person at the bank who tried to intervene in the course of Degraffe's escape. Soon after, police arrested Degraffe. In September 2016, the State charged Degraffe with attempted second degree murder and first degree assault of Uptmor and first degree robbery.

II. Jury Instructions, Verdict, and Special Interrogatory

In September 2016, Degraffe received a jury trial. The prosecution sought a jury finding that Degraffe committed the first degree assault and attempted murder against a victim who was acting as a good Samaritan.[1] The jury instructions provided that the good Samaritan aggravator only applied if the jury found Degraffe guilty of the attempted second degree murder or first degree assault charges.

The jury convicted Degraffe of first degree robbery and the lesser charge of second degree assault, with deadly weapon enhancements on each count. Accordingly, the jury did not enter a finding that the good Samaritan aggravator applied.

After the verdict, the State presented evidence to the jury on a special interrogatory regarding the rapid recidivism aggravating factor. This special interrogatory required the jury to decide whether Degraffe had been recently released from prison at the time of the first degree robbery. Degraffe's community corrections officer Joshua Gonzales testified that Degraffe had been released from prison on May 15, 2015. Detective Carol Boswell testified that she interviewed Degraffe on May 27 about the May 26 robbery and asked him how he obtained the large amount of cash in his pockets. He stated that he received the cash from "wealthy friends on May 15, the day that he was released from prison." 4 Report of Proceedings (RP) at 469. Detective Boswell also recounted a conversation that Degraffe had with another detective in which Degraffe stated he had been released from prison within two weeks before the date of the bank robbery. Degraffe

---

[1] "Under RCW 9.94A.535(3)(w), a finding that a defendant committed an 'offense against a victim who was acting as a good [S]amaritan' is an aggravating factor that can support a sentence above the standard range." *State v. Siers*, 174 Wn.2d 269, 272 n.1, 274 P.3d 358 (2012).

did not present any evidence, did not cross-examine the State's witnesses, and did not present any argument on the special interrogatory.

The jury found that Degraffe had been recently released from prison at the time of his first degree robbery.

## III. SENTENCING

The sentencing court stated in its oral ruling that Degraffe put the community at risk with his behavior and, in so doing, harmed Uptmor, who sacrificed his own safety for the safety and property of complete strangers. The sentencing court said,

> So on the one hand I have this example of behavior in the community, and on the other hand I have an example of somebody who put his own life at risk, not for his own safety, not for his own property, but for the safety and property of complete strangers.
> It's because of that reason that this crime so specifically shocks the conscience of this community that somebody who would rise to intervene to be if not a statutory Good Samaritan would be the functional equivalent of a Good Samaritan and would be harmed in this way is -- it's one of the more bothersome and troubling factual cases that's ever been presented during my four years on the bench here.
> . . . .
> . . . [W]hat's really jumping out at me is one of community safety. We have demonstrated track record; we have a very violent crime committed recently after being released from incarceration.

3 RP at 438-39.

The sentencing court entered the following findings of fact and conclusions of law:

## I. **FINDINGS OF FACT**:
. . . .
1.1 The defendant was convicted of Robbery in the First Degree.
1.2 The robbery occurred 10 to 11 days after the defendant's release from prison.
1.3 The defendant was released from prison following an approximately 18-month sentence for Felony Harassment-Death Threats.
1.4 The robbery in this case involved the defendant robbing a bank with a large knife, menacing a bank teller, stabbing a bank customer who tried to intervene, and nearly killing that individual in the process.

3

1.5  The victim of the stabbing suffered two episodes of cardiac arrest following the stabbing, spent three weeks in a coma, has long-term debilitating injuries as a result, has been implanted with a pacemaker as a result of the stabbing, and stands a continued risk of death from the injuries he sustained in the course of trying to prevent the robbery.

1.6  A jury unanimously found that the defendant committed the robbery shortly following his release from incarceration.

## II.  CONCLUSIONS OF LAW:

. . . .

2.1  Ten to eleven days from the date of release from an approximately 18-month prison sentence is a very short period of time for the purposes of applying the aggravating factor justifying an exceptional sentence in this case.

2.2  The defendant committed a serious violent offense within days of being released from prison.

2.3  The facts of this case, as found by the jury, present a compelling circumstance to justify an exceptional sentence above the standard range.

Clerk's Papers (CP) at 114-15.

The sentencing court imposed a standard range sentence for the second degree assault and an exceptional consecutive sentence for the first degree robbery.  The sentencing court ordered an exceptional consecutive sentence rather than standard range concurrent sentence because the jury's rapid recidivism finding provided a substantial and compelling reason that justified an exceptional sentence.

## IV.  LFOs

The sentencing court, under finding 2.5 of the judgment and sentence regarding Degraffe's ability to pay LFOs, stated that "the defendant is presently indigent but is anticipated to be able to pay financial obligations in the future."  CP at 55.  The court imposed discretionary LFOs, including attorney fees and expert costs.

Degraffe appeals his exceptional sentence and LFOs.

ANALYSIS

I. IMPROPER JUDICIAL FACT FINDING

Degraffe argues that the sentencing court engaged in improper judicial fact finding under *Blakely*[2] because it relied on the good Samaritan aggravating factor to support the exceptional sentence when the jury did not find this factor beyond a reasonable doubt. We disagree.

A. PRINCIPLES OF LAW

We review constitutional challenges to a superior court's sentencing decisions de novo. *State v. Cubias*, 155 Wn.2d 549, 552, 120 P.3d 929 (2005). In addition, we review de novo whether the sentencing court's reasons for an exceptional sentence justify a sentence outside the standard sentence range for that offense. RCW 9.94A.585(4); *State v. Law*, 154 Wn.2d 85, 93-94, 110 P.3d 717 (2005).

Generally, sentences for two or more current offenses shall be served concurrently and "[c]onsecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535." RCW 9.94A.589(1)(a); *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 508, 301 P.3d 450 (2013). Under RCW 9.94A.535, a trial court may impose an exceptional sentence if "there are substantial and compelling reasons justifying an exceptional sentence."

With a few exceptions not applicable here, the jury must determine the factual basis for the aggravating circumstances beyond a reasonable doubt before a trial court imposes an exceptional

---

[2] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

sentence. *State v. Suleiman*, 158 Wn.2d 280, 288-89, 143 P.3d 795 (2006). Upon the jury's proper findings regarding aggravating factors, the trial court then has discretion to determine as a matter of law whether the jury's findings provide "substantial and compelling" reasons justifying an exceptional sentence. RCW 9.94A.535; *Suleiman*, 158 Wn.2d at 290-91.

One aggravating factor that may justify an exceptional sentence if found by the jury beyond a reasonable doubt is that "[t]he defendant committed the current offense shortly after being released from incarceration." RCW 9.94A.535(3)(t); *State v. Williams*, 159 Wn. App. 298, 309, 244 P.3d 1018 (2011). This is commonly referred to as the rapid recidivism aggravating factor. *State v. Griffin*, 173 Wn.2d 467, 474 n.2, 268 P.3d 924 (2012). Rapid recidivism constitutes a sufficiently substantial and compelling reason to justify the imposition of an exceptional sentence because it demonstrates a defendant's heightened threat or culpability and demonstrates a greater than usual disregard for the law. *Williams*, 159 Wn. App. at 314; *State v. Butler*, 75 Wn. App. 47, 54, 876 P.2d 481 (1994).

The sentencing court must enter written findings of fact and conclusions of law to justify its imposition of *any* sentence outside the standard range. RCW 9.94A.535; *Suleiman*, 158 Wn.2d at 288.

B.  NO JUDICIAL FACT FINDING

Degraffe asserts that the sentencing court engaged in impermissible judicial fact finding during its oral ruling to support the exceptional sentence. According to Degraffe, the sentencing court's oral ruling shows that the court relied on the good Samaritan aggravating factor to justify the exceptional sentence, despite the absence of a jury finding on that factor, and that the rapid recidivism factor was merely "pretext." Opening Br. of Appellant at 10. We hold that Degraffe's

argument fails because the oral ruling is irrelevant and because the sentencing court properly considered the facts of the case to exercise its discretion.

A trial court's oral ruling "'is no more than an expression of its informal opinion at the time it is rendered. It has no final or binding effect unless formally incorporated into the findings, conclusions, and judgment.'" *State v. Friedlund*, 182 Wn.2d 388, 394-95, 341 P.3d 280 (2015) (quoting *State v. Mallory*, 69 Wn.2d 532, 533-34, 419 P.2d 324 (1966)). In contrast, the trial court's written judgment "is a final order subject to appeal." *Friedlund*, 182 Wn.2d at 395. As such, we do not consider an oral ruling if it is inconsistent with the superior court's written findings and conclusions. *State v. Kull*, 155 Wn.2d 80, 88, 118 P.3d 307 (2005). Erroneous findings of fact that do not materially affect the conclusions of law are harmless error. *State v. Caldera*, 66 Wn. App. 548, 551, 832 P.2d 139 (1992).

Here, any oral statements indicating that the sentencing court imposed Degraffe's exceptional sentence based on the court's own finding that Degraffe stabbed the "functional equivalent of a Good Samaritan" are inconsistent with the written ruling. 3 RP at 438; *see Kull*, 155 Wn.2d at 88. The written ruling states that the "defendant committed a serious violent offense within days of being released from prison" and that "[t]he facts of this case, *as found by the jury*, present a compelling circumstance to justify an exceptional sentence above the standard range." CP at 115 (emphasis added). The jury did not find that Degraffe stabbed the "functional equivalent

of a Good Samaritan." 3 RP at 438. Thus, to the extent that the oral ruling is inconsistent with the written conclusions that the exceptional sentence is based on the facts "*found by the jury*," the oral ruling must be disregarded. CP at 115 (emphasis added); *Kull*, 155 Wn.2d at 88.

Furthermore, any finding rendered by the trial court beyond its acknowledgment that the jury made the necessary finding of an aggravating factor is harmless because such findings did not materially affect the court's conclusion that the exceptional sentence was based on facts "found by the jury." *See Caldera*, 66 Wn. App. at 551. Specifically, any error in rendering a superfluous finding that Uptmor was the "functional equivalent of a Good Samaritan" is harmless because the trial court imposed the exceptional sentence based solely on the rapid recidivism aggravating factor that the jury found beyond a reasonable doubt. 3 RP at 438; s*ee Caldera*, 66 Wn. App. at 551.

The sentencing court's reliance on the jury's finding is reflected in the judgment and sentence. The judgment and sentence provides that "[a]ggravating factors were . . . found by jury, by special interrogatory." CP at 55. The court's written conclusion of law and the judgment and sentence demonstrate that the sentencing court properly analyzed and articulated that the basis for the exceptional sentence was the rapid recidivism aggravator. *See Suleiman*, 158 Wn.2d at 288-91.

Because the sentencing court properly imposed Degraffe's exceptional consecutive sentence based on the jury's finding regarding the rapid recidivism aggravating factor and not based on improper judicial fact finding, Degraffe's argument fails. *See Williams*, 159 Wn. App. at 309.

8

## II. VAGUENESS

Degraffe next argues that even if we hold that the sentencing court properly relied on the rapid recidivism aggravating factor, that aggravating factor is unconstitutionally vague on its face in violation of the Fourteenth Amendment of the United States Constitution. Specifically, Degraffe argues that the term "'shortly after'" in the rapid recidivism statute is too vague to guide the jury's consideration. Appellant's Suppl. Br. at 5-6. Degraffe's arguments fail.

### A. PRINCIPLES OF LAW

We review de novo the constitutionality of a statute. *State v. Watson*, 160 Wn.2d 1, 5, 154 P.3d 909 (2007). The party challenging the statute for vagueness bears the burden of proving beyond a reasonable doubt that it is unconstitutionally vague. *Watson*, 160 Wn.2d at 11. The presumption in favor of a law's constitutionality should be overcome only in an exceptional case. *Watson*, 160 Wn.2d at 11.

We evaluate vagueness challenges in light of the particular facts of each case, unless the First Amendment is implicated. *Watson*, 160 Wn.2d at 6. "'[A] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" *State v. Duncalf*, 177 Wn.2d 289, 297, 300 P.3d 352 (2013) (quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19, 130 S. Ct. 2705, 177 L. Ed. 2d 355 (2010)).

A statute is unconstitutionally vague under the Fourteenth Amendment of the United States Constitution if it fails to define the offense with sufficient precision that an ordinary person can understand what conduct is proscribed or if it does not provide standards sufficiently specific to prevent arbitrary enforcement. *Watson*, 160 Wn.2d at 6.

If a person of reasonable understanding would not have to guess that the defendant's conduct subjects him to an exceptional sentence under a particular aggravating sentencing factor, the factor is not unconstitutionally vague. *Duncalf*, 177 Wn.2d at 296-97.

## B. NOT VAGUE AS APPLIED

We need not decide whether the rapid recidivism factor is subject to an unconstitutional vagueness challenge, because even if it is subject to a vagueness challenge, Degraffe has failed to even argue that the statute is unconstitutionally vague as applied. Degraffe's challenge to the rapid recidivism aggravator does not implicate First Amendment speech, which means we evaluate his challenge as applied. *Watson*, 160 Wn.2d at 6.

Because Degraffe does not explain how the statute is vague as applied to his situation in which he committed a bank robbery and assault 11 days after his release from prison, he has failed to rebut the presumption that the statute is constitutional. *See Watson*, 160 Wn.2d at 11. Thus, Degraffe's vagueness claim fails.[3]

And even if we reached the merits of his argument, the rapid recidivism factor is not vague as applied to Degraffe. We have upheld the application of the rapid recidivism aggravating factor when defendants reoffended between one and two months after being released from incarceration. *State v. Zigan*, 166 Wn. App. 597, 604-05, 270 P.3d 625 (2012); *State v. Saltz*, 137 Wn. App. 576, 585, 154 P.3d 282 (2007). Similarly, Degraffe committed first degree robbery and second degree

---

[3] In *State v. Murray*, noted at 188 Wn.2d 1020 (2017), granting review and heard by our Supreme Court in November 2017, the court granted discretionary review of whether, in light of cases decided after *State v. Baldwin*, 150 Wn.2d 448, 78 P.3d 1005 (2003), aggravating sentencing factors are subject to void for vagueness challenges.

assault with deadly weapon enhancements merely 11 days after he was released from prison. A person of ordinary intelligence would not have to guess as to whether committing new crimes within 11 days of being released from prison would qualify as an aggravating circumstance under RCW 9.94A.535(3)(t). *See Zigan*, 166 Wn. App. at 604-05; *Saltz*, 137 Wn. App. at 585.

Degraffe has failed to carry his burden to show that the rapid recidivism sentencing factor is vague as applied, and the factor is not vague in relation to Degraffe's circumstances. *See Zigan*, 166 Wn. App. at 604-05; *Saltz*, 137 Wn. App. at 585. As such, Degraffe's unconstitutional vagueness claim fails. *See Watson*, 160 Wn.2d at 11.

### III. LFOS AND APPELLATE COSTS

Degraffe argues that the sentencing court erred when it imposed discretionary LFOs. The State concedes that the sentencing court erred and that Degraffe does not have the ability to pay. The State now withdraws the request for costs. We accept the State's concession.

An order for payment of discretionary LFOs is proper only if the record reflects that the sentencing court conducted an individualized inquiry into the defendant's present and future ability to pay the obligations. *State v. Marks*, 185 Wn.2d 143, 145-46, 368 P.3d 485 (2016). Here, the sentencing court imposed discretionary LFOs without considering facts pertaining to Degraffe's financial situation. Accordingly, we remand for the sentencing court to strike the discretionary LFOs.

Finally, Degraffe requests that we decline to impose appellate costs. Accepting the State's representation that it will not seek appellate costs, we decline to order them.

No. 49791-3-II

We affirm Degraffe's exceptional sentence but remand for the sentencing court to strike the discretionary LFOs from the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

MAXA, C.J.

MELNICK, J.